Eugene A. FRANK, Plaintiff and Appellant,

v.

DAIMLER–BENZ, A. G., STUTTGART, WEST GERMANY, et al., Defendants and Appellees.

Civ. No. 9054.

Supreme Court of North Dakota.

Jan. 30, 1975.

As Amended Feb. 10, 1975.

Tenneson, Serkland, Lundberg & Erickson, Fargo, for plaintiff and appellant.

Wheeler, Wolf, Wefald & Durick, Bismarck, for defendants and appellees Daimler-Benz and Mercedes-Benz.

Ohnstad, Twichell, Breitling, Arntson & Hagen, West Fargo, for defendant and appellee Allen's Autohaus, Inc.

VOGEL, Judge.

The plaintiff-appellant purchased a diesel automobile from Century Motors of Bismarck. Century Motors was not a dealer for the manufacturer of the automobile, but was apparently considering becoming a dealer. It had purchased the automobile from one of the defendants, Allen's Autohaus, Inc., where it had been used as a demonstrator.

It is to be noted that Century Motors was not named as a defendant in this action, but Allen's Autohaus, Inc., was. The other defendants are the American distributor and the foreign manufacturer of the automobile.

The complaint alleged that the automobile was defective in manufacture and assembly and not suitable for highway use, that the plaintiff relied upon express warranties of the manufacturer and "its authorized and apparent agents" and upon implied warranties of merchantability and fitness for highway use, that the automobile was negligently manufactured and assembled, and that notice of the defects was given during the warranty period, and that "defendant agents" negligently undertook the repair of the automobile and made minimal and stopgap repairs without correcting the basic defects.

A trial was commenced before a jury and the plaintiff testified. Two brochures which spoke in general terms of the remarkable durability of the diesel engine were received in evidence.

The evidence disclosed some relatively minor difficulties with the automobile, and a major overhaul at approximately 51,000 miles due to excessive oil consumption. The entire block of the engine was replaced by Allen's Autohaus, Inc. Prior to the major overhaul, an agreement was reached with the American distributor that the distributor would pay half the cost of parts involved in the overhaul. The plaintiff testified that an estimate of a $400 repair bill was given to him by a mechanic of Allen's in advance of the work. The actual bill exceeded $1,000, and the bill to the plaintiff for half the parts and all the labor came to over $700. He paid the bill by check, took possession of the car, and stopped payment of the check. He took the car back to the dealer a week later for adjustment, and the dealer "impounded" it. We presume that the dealer claimed his possessory lien under the repairman's lien statutes of this State. The plaintiff thereupon paid the bill in cash and took the automobile.

A second major disappointment occurred when the timing chain broke and had to be replaced, at a cost of over $400, after 26,000 miles of driving with the rebuilt engine. This lawsuit followed.

At the close of the plaintiff's case, the defendants made separate motions for directed verdicts. The court considered the motions as motions for dismissal and granted them.

The motion for dismissal as to Allen's Autohaus, Inc., was based upon the court's finding that Allen's only connection with the car so far as the plaintiff was concerned was that Allen's had made repairs to the car, and that the plaintiff had not proved that the repairs were improperly made. The court concluded that the later difficulty with the timing chain was an internal defect and not Allen's responsibility.

As to the other two defendants, the motion was granted solely on the basis that the payment of the cost of half of the parts used in the major overhaul by the manufac-

turer and the remainder of the bill by the plaintiff constituted an accord and satisfaction, as a matter of law.

During the conference in chambers, during which the motions were granted, the attorney for the plaintiff mentioned that he wanted to talk to the judge about amendment, and said:

" . . . I think that probably. if the Court has some problem with that, I think that perhaps because of the evidence which has been introduced, that the plaintiff could move to amend his complaint to conform to the evidence to show that Allen's Autohaus and the work that they did on that automobile with respect to that engine was done negligently."

The plaintiff asserted in his brief that the court committed error in not granting his "motion" to amend, but on oral argument conceded that no motion was actually made. We hold that the language quoted is not a motion to amend and that the court was not obligated to consider as a motion suggestions stated in terms of "probably" or "perhaps" conditioned upon whether or not the court has a "problem."

We therefore move on to consider whether the issue of the alleged negligence of Allen's Autohaus in the repair of the automobile was an issue in the case at the time of the directed verdict, in view of the pleadings and the evidence and in the absence of a motion to amend.

There was evidence from which the court and the jury could have concluded that the failure of the timing chain was due to a negligent overhaul by Allen's Autohaus. This testimony consisted, in part, of evidence to the effect that a mechanic at the garage which made the timing chain replacement said that timing chains never break. This evidence was not objected to. A jury could conclude from it that the failure of the timing chain was due to negligent repair by Allen's. There was also evidence, likewise not objected to, that negligent installation of an oil filter canister bolt

had caused oil leakage after the major overhaul.

Rule 15(b), North Dakota Rules of Civil Procedure, reads:

"(b) Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet· such evidence."

Decisions under Rule 15(b), Federal Rules of Civil Procedure, from which our rule was adapted, generally hold that the first sentence of Rule 15(b) may be read independently of the remainder of the paragraph. Therefore, Rule 15(b)

" . . . does not require that a conforming amendment be made and there is no penalty for failing to do so. The rule clearly states that the absence of a formal amendment or a request for leave to amend 'does not affect the result of the trial' of those issues actually litigated." Wright & Miller, Federal Practice and Procedure: Civil § 1493.

See also Wildfang Miller Motors, Inc. v. Rath, 198 N.W.2d 210 (N.D.1972).

It follows that the failure of the plaintiff to make a proper motion for amendment is not fatal if, in fact, the issue of the negligence of Allen's Autohaus in making the repair was actually litigated, although not pleaded. We find that the issue was litigated by consent of the parties and without objection. We therefore hold that the dismissal of the claim against Allen's Autohaus for negligent repair was erroneous, and the judgment in its favor must be reversed.

As to the other two defendants, judgment in their favor was based upon accord and satisfaction. "Accord" and "satisfaction" are defined by the North Dakota statutes as follows:

"9–13–04 [N.D.C.C.]. 'Accord' defined. —An accord is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled."

"9–13–05 [N.D.C.C.]. 'Satisfaction' defined.—Acceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction."

We have held that—
"Accord and satisfaction is an affirmative defense . . . There must be a mutual understanding in order to effect an accord and satisfaction. An essential element is an assent or meeting of the minds of the parties. . . . Where the evidence with respect to the facts is conflicting, the question whether or not there has been an accord and satisfaction is for the jury. . . . The burden of proof to establish accord and satisfaction is upon the party who seeks to rely upon it." Hochstetler v. Graber, 78 N.D. 90, 97, 48 N.W.2d 15, 20 (1951).

Since the only testimony in this case is from the plaintiff, and the defendants did not testify or present evidence, we have no direct evidence as to the intention of the defendants. The plaintiff testified in substance that he paid $705 on the repair bill at Allen's Autohaus in order to get his automobile back into his possession but told both the distributor and the employees of Allen's that they had not heard the end of it and that they would be hearing from him. He testified that he never intended to settle all of his claims against the defendants by accepting payment for half the cost of the parts used in the major overhaul.

Based upon this uncontradicted evidence, we hold that the court erred in holding that there was an accord and satisfaction, since there was no evidence of a mutual understanding, an assent, or meeting of the minds of the parties. The defendants Daimler-Benz and Mercedes-Benz did not sustain their burden of proving accord and satisfaction as a matter of law, and the jury should have been given for decision the question of whether there was an accord and satisfaction between the parties.

An additional reason for reversing the judgments of dismissal is that the trial court had no authority under the North Dakota Rules of Civil Procedure, and particularly Rule 41, relating to dismissal of actions, to dismiss the action at the end of the plaintiff's case. That power exists only in cases tried to the court without a jury. See Rule 41(b), N.D.R.Civ.P., and Kunze v. Stang, 191 N.W.2d 526, 537 (N.D.1971). While the court may grant a motion for directed verdict in a jury trial, at the close of the plaintiff's case, under Rule 50(a), it refused to do so. In any case, we believe the granting of such a motion should be exceptional, rather than common, particularly in negligence cases. Wolff v. Light, 156 N.W.2d 175 (N.D.1968).

Such motions are to be granted only when the moving party is entitled to judgment as a matter of law, and upon considering the evidence in a light most favorable to the party against whom the motion is made. Kunze v. Stang, *supra.*

While a mere scintilla of evidence in favor of the party against whom the motion is made does not preclude the

granting of the motion, it should be granted only when, without weighing the credibility of witnesses, only one reasonable conclusion can be reached. See Commentaries to Rule 50(a), Civil Rules Manual of State Bar Association of North Dakota, and Brady v. Southern Ry. Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239 (1943).

Reversed and remanded for new trial.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.