**Adam BELLON, Plaintiff and Appellant,**

v.

**Clifford BELLON and Charlotte Bellon, Defendants and Appellees.**

**Civ. No. 9209.**

Supreme Court of North Dakota.

July 8, 1976.

DeLayne G. Nassif, Fargo, for plaintiff and appellant.

Hjellum, Weiss, Nerison, Jukkala & Vinje, Jamestown, for defendants and appellees; argued by Russell G. Nerison, Jamestown.

PEDERSON, Justice.

Adam Bellon sued his son and daughter-in-law, Clifford and Charlotte Bellon, for damages, alleging that they had removed and destroyed certain buildings which he owned. Clifford and Charlotte defended on the basis that the buildings were valueless,

that they had been abandoned by Adam, and that Adam gave them the buildings as a gift. The case was tried to a jury in Stutsman County and a verdict of dismissal was returned. Adam moved for a judgment notwithstanding the verdict or in the alternative for a new trial, pursuant to Rule 50(b), N.D.R.Civ.P. The motion was denied and Adam appeals from the judgment and from the order denying his motion for judgment notwithstanding the verdict or for a new trial. We affirm the judgment.

The buildings in this controversy were located on land sold by Adam to Clifford and Charlotte on November 1, 1966. On the day of the sale of the land, Adam and Clifford signed an agreement which reserved the buildings to Adam. The agreement contained no provision relating to the removal of the buildings. Clifford removed some granaries from the land in 1967 and Adam assisted him in leveling them at their new location. Clifford insured some of the buildings from 1968 through 1972 and depreciated them on his income tax returns during those years. In March 1973, Clifford started dismantling a large barn on the land but stopped when Adam threatened to have him arrested. In June 1973 Clifford had the remaining buildings bulldozed into a pile and burned.

As can be expected, there was conflicting evidence on many aspects of this case. Clifford testified that Adam made a gift of the buildings to him in 1967. Adam denied this. There was evidence supporting abandonment of the buildings by Adam and there was contradicting testimony.

Adam's only arguments on this appeal are that (1) the evidence does not justify the verdict, and (2) the appellees inflamed and prejudiced the jury by raising the spectre of Adam's divorce case.

■ It is well-established in this jurisdiction that, when considering an appeal based upon the allegation that the evidence does not justify the verdict, we look only to see if there is substantial evidence that sustains the verdict. As we recently stated in *Wal-etzko v. Herdegen*, 226 N.W.2d 648, 653 (N.D.1975):

"As to the trial court's denial of Waletzko's motion for judgment notwithstanding the verdict or in the alternative for a new trial, the credibility of the witnesses and the weight to be given their testimony are questions of fact for the jury to determine. In determining the sufficiency of the evidence to sustain the verdict of the jury, we must view the evidence in the light most favorable to the verdict. *Johnson v. Auran*, 214 N.W.2d 641 (N.D.1974); *Watkins Products, Inc. v. Stadel*, 214 N.W.2d 368 (N.D. 1974); *Lembke v. Unke, supra*, [171 N.W.2d 837 (N.D.1969)]; *Frank v. Daimler-Benz, supra*, [226 N.W.2d 143 (N.D. 1974)]. Our review of the facts is limited to consideration of whether there is substantial evidence to sustain the verdict; if there is, we are bound by the verdict. *Watkins Products, Inc. v. Stadel, supra; Lembke v. Unke, supra*."

See also, *Kresel v. Giese*, 231 N.W.2d 780 (N.D.1975), and *Buehner v. Hoeven*, 228 N.W.2d 893 (N.D.1975).

■ Although Adam did not provide a proper appendix nor point out to us (as he should have under the Rules of Appellate Procedure) wherein the evidence failed to support the verdict, we have reviewed the record in the light most favorable to the verdict and find substantial evidence upon which the jury could find either that Adam made a gift of the buildings or abandoned them. The fact that conflicting testimony was introduced is not material.

■ There is sufficient evidence in the record for the jury to find all the necessary elements of an inter vivos gift. Those elements are donative intent, the surrender of exclusive dominion, and either actual or constructive delivery. See *In Re Estate of Paulson*, 219 N.W.2d 132 (N.D.1974).

There is also sufficient evidence for the jury to find the essential elements of abandonment: the intent to abandon and overt acts of abandonment. See *City of Minot v. Fisher*, 212 N.W.2d 837 (N.D.1973).

For an additional ground for reversal, Adam barely mentions in his brief and oral argument that the jury was prejudiced and inflamed against him by reason of the introduction into this case of matters relating to his divorce case. We find, in the memorandum opinion by the trial judge, the following comment on this subject:

"Further, with reference to inflaming and prejudice that may have been created by sparring between witness and defendants' counsel while Adam Bellon was on the stand, the court would say that the plaintiff himself was as much if not more to blame for causing such banter and angry statements irrelevant to the case as was counsel for defendants."

 Also, as we stated in *In Re Estate of Paulson, supra,* in syllabus 7, at 133:

"Improper argument of counsel of prevailing party is not ground for reversal of jury verdict unless there is a clear showing such misconduct deprived adverse party of a fair trial and where there is more than sufficient evidence to justify the verdict, the verdict will stand."

 There was no showing that appellant was denied a fair trial and there was sufficient evidence to justify the verdict.

The judgment is affirmed with costs to the appellees.

ERICKSTAD, C. J., VOGEL and SAND, JJ., and EMIL A. GIESE, District Judge, concur.

PAULSON, J., deeming himself disqualified, did not participate; EMIL A. GIESE, District Judge of the Sixth Judicial District, sitting in his place.