Richard A. McKECHNIE,
Plaintiff-Appellee,

v.

Leonard O'NEIL, Defendant-Appellant.

Civ. No. 9295.

Supreme Court of North Dakota.

April 25, 1977.

McIntee & Whisenand, Williston, for defendant and appellant; argued by Frederick E. Whisenand, Jr., Williston.

Bjella & Jestrab, Williston, for plaintiff and appellee; argued by Dwight C. Eiken, Williston.

PAULSON, Judge.

This is an appeal from the judgment of the county court of increased jurisdiction of Williams County dated August 30, 1976, awarding recovery for damages sustained by the plaintiff, Richard A. McKechnie, in the amount of $664.80, together with inter-

est and statutory costs and disbursements, and dismissing the counterclaim of the defendant, Leonard O'Neil.

Mr. McKechnie commenced the instant action against Mr. O'Neil, following an automobile accident which occurred at approximately one o'clock p. m. on January 17, 1971, in which the vehicles owned by Mr. McKechnie and Mr. O'Neil were damaged. Prior to the accident, Mr. O'Neil had been driving his vehicle, a 1968 Dodge 2-door hardtop, in a northerly direction from Williston on U.S. 2 and 85, a divided four-lane highway. Mr. O'Neil was accompanied by his wife, who was a passenger sitting in the middle of the front seat of the O'Neil vehicle; his brother, who was sitting on the right side of the front seat; and his two minor children, who were sitting in the back seat. It was a clear, sunny day and U.S. Highway 2 and 85 was dry and free of ice.

Mr. O'Neil was driving at approximately 55 miles per hour and as he drove past the Westland Truck Stop, located on the east side of U.S. Highway 2 and 85, he noticed the McKechnie vehicle, a 1969 Ford convertible, proceeding north on the frontage road parallel with and on the east side of U.S. Highway 2 and 85. Mr. O'Neil then proceeded a little over three blocks (approximately 950 feet) further north, where he executed a righthand turn onto an off-ramp located at the intersection of 34th Street and U.S. Highway 2 and 85. Such off-ramp is located at an approximate right angle to the frontage road and U.S. Highway 2 and 85, and has a length of approximately two car lengths. The off-ramp is downhill from U.S. Highway 2 and 85 and was icy. Mr. O'Neil then proceeded in an easterly direction through the intersection of 34th Street and the frontage road without first determining the current location of Mr. McKechnie's vehicle which had been proceeding north at approximately 25 miles per hour during the time that Mr. O'Neil had been slowing down for his righthand turn. Mr. O'Neil's vehicle was approximately three-fourths of the way through the inter-

section when Mr. McKechnie's vehicle struck the right rear fender of the O'Neil vehicle, causing the O'Neil vehicle to spin around and hit a stop sign located at the northeast corner of the intersection. There were no traffic control signs at the intersection controlling the operation of the parties' vehicles. It is conceded that Mr. McKechnie had the directional right of way.

Mr. McKechnie testified that he failed to look to his left until just before entering the intersection. He also testified that he had not slowed down for the intersection. Mr. McKechnie did not see Mr. O'Neil's vehicle until it was entering the intersection, too late to avoid a collision.

Mr. O'Neil asserts that even though Mr. McKechnie was favored with the directional right of way, his conduct in the operation of his motor vehicle constituted contributory negligence and was a proximate cause of the damages he sustained. It is noted that in the instant case the accident occurred prior to the adoption of the comparative negligence statute in North Dakota by our Legislature in 1973 (§ 9–10–07, N.D.C.C.), and, consequently, the rule of contributory negligence is applicable to the instant case. Under former law, contributory negligence was an affirmative defense and the burden of proof rested on the party raising the defense. *Serbousek v. Stockman Motors, Inc.*, 106 N.W.2d 879, 883 (N.D. 1961). Unless the evidence is such that reasonable minds can draw but one conclusion therefrom, negligence, whether contributory or primary, is a question of fact and the trial court's findings will not be set aside on appeal unless clearly erroneous. Rule 52(a), N.D.R.Civ.P.; *Serbousek, supra* 106 N.W.2d at 881, and cases cited.

Mr. O'Neil contends that the trial court's failure to find Mr. McKechnie contributorily negligent was clearly erroneous, because the trial court determined that a lesser distance existed between the place where Mr. O'Neil first saw Mr. McKechnie's vehicle and the point of impact than he believes the actual facts showed (the trial

court's finding indicated that the distance was one and one-half blocks). The trial court's finding was based upon conflicting testimony given at trial. We are asked to reverse the trial court's decision because a plat map, attached to the appellant's brief, which was not in evidence at the trial of this case, demonstrates that the distance between the point Mr. O'Neil testified that he first observed Mr. McKechnie's vehicle and the point of impact was a distance of 950 feet, which, if one assumes that the trial court refers to a 300-foot block, would clearly demonstrate that the trial court's finding was in error by approximately 500 feet. Mr. O'Neil asserts that the trial court's use of an erroneous distance is significant because the actual greater distance would have allowed Mr. McKechnie a longer opportunity to observe the O'Neil vehicle as it proceeded north on U.S. Highway 2 and 85, then slowed, and turned east onto the off-ramp and into the intersection; and, also, because the greater distance would indicate that Mr. McKechnie would have had to have driven at a greater rate of speed than 25 miles per hour (the frontage road speed limit) in order for his vehicle to catch up with the O'Neil vehicle while it was still in the intersection. Thus, Mr. O'Neil alleges that either Mr. McKechnie's speed or his failure to observe and yield to Mr. O'Neil's vehicle would constitute contributory negligence as a matter of law and would bar him from making a recovery. We disagree.

We note that the trial court's determination of the distance between the point Mr. O'Neil claims to have seen Mr. McKechnie's vehicle and the point of impact is adequately supported by the evidence contained in the record. Only the new evidence presented on appeal, which evidence was fully available to the parties at the time of the trial, establishes that the trial court's finding might be erroneous, and then only if we assume that the trial court was referring to 300-foot blocks, as asserted by Mr. O'Neil. Mr. O'Neil did not move, pursuant to Rule 52(b), N.D.R.Civ.P., to amend the findings of fact so as to either clarify or correct the

trial court's finding as to the distance involved. Neither did Mr. O'Neil move to alter or amend the judgment pursuant to Rule 59(j), N.D.R.Civ.P. By failing to make such motions, Mr. O'Neil precluded the trial court from clarifying what it had meant by "one and one-half blocks", and, if the trial court meant only a distance of 450 feet, as argued by Mr. O'Neil, Mr. O'Neil gave the trial court no opportunity to determine what, if any, effect an extra 500-foot distance would have had upon the court's assignment of negligence.

It is very likely, as argued by counsel for Mr. McKechnie and as evident from the plat map, that the trial court's reference to one and one-half blocks was based upon reference to the 600- and 700-foot-long blocks prevalent in the area in which the accident occurred, and, thus, the trial court may have made no error in its findings. However, such assumption need not be made here, as our perusal of the record discloses adequate evidence to support the trial court's finding that Mr. O'Neil was negligent (conceded herein), and Mr. McKechnie was not contributorily negligent—a finding inferred from the trial court's dismissal of Mr. O'Neil's counterclaim because it was "without merit". First, we note that it is only Mr. O'Neil's testimony that places the O'Neil and the McKechnie vehicles side by side, 950 feet from the point of impact—testimony which appears inconsistent with Mr. O'Neil's later testimony in which he stated that he could not observe vehicles traveling on the frontage road immediately to his right—thus we would infer that the McKechnie vehicle must have been to the north of the O'Neil vehicle when observed by Mr. O'Neil. Mr. O'Neil's reasoning also fails to take into account the braking time necessary to slow down his vehicle to ten miles per hour, the speed he testified he was traveling as he entered the intersection. Finally, the record fails to establish the circumstances which would allow us to place a duty upon Mr. McKechnie to yield to the O'Neil vehicle. The O'Neil vehicle was not on a superior roadway, it did not have the directional

right of way, and it had not maintained a course of travel which, if observed, would have led Mr. McKechnie to believe or anticipate that the driver of the O'Neil vehicle was not prepared to yield to McKechnie's right of way. The O'Neil vehicle had just negotiated a righthand turn, so that Mr. McKechnie had the benefit of only a few seconds in which to realize that the two vehicles were going to intersect, and only a space of a few feet (two car lengths) in which to observe and decide that the O'Neil vehicle was not preparing to stop. Thus, we cannot infer from the record that Mr. McKechnie was either speeding at the time of the accident or that he failed to yield to the O'Neil vehicle under circumstances which would have required him to do so.

The judgment of the county court of increased jurisdiction is affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.