Roman MALARCHICK, Plaintiff
and Appellee,

v.

Robert H. PIERCE and Patricia K.
Pierce, Defendants and Appellants.

Civ. No. 9414.

Supreme Court of North Dakota.

March 30, 1978.

As Corrected April 28, 1978.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendants and appellants; argued by Gordon W. Schnell, Dickinson.

Maurice R. Hunke, Dickinson, for plaintiff and appellee.

PEDERSON, Justice.

This is an appeal by the Pierces from a judgment awarding Malarchick approximately $2,600 for material and services furnished in remodeling the Pierce home, pursuant to, in the language of one of the counsel, a very "loose" agreement which made no specific provisions for the amount of compensation to be paid. The Pierces claim that, after a dispute arose over the amount owed when the work had been virtually completed, Malarchick accepted a check for $3,500 as payment in full. The case was tried to the Stark County District Court without a jury. We reverse the judgment.

When all of the testimony and argument of the trial had been completed, the Judge said, from the bench:

"It is the finding of this Court that . . . [Malarchick] has sustained the burden of proving the reasonable worth of his serv-

ices . . . It is the further finding of the Court that . . . [the Pierces] have not established that accord and satisfaction was attained . . . ."

Thereafter the court executed formal findings of fact and conclusions of law, as prepared by Malarchick's counsel[1] (Rule 52(a), N.D.R.Civ.P.). These findings state, in effect, that: (1) Malarchick furnished labor and materials at the instance of the Pierces; (2) the reasonable value of the labor and materials is $6,127.92; (3) $3,500 was paid and accepted; (4) $2,627.92 is still due and owing; and (5) accord and satisfaction was not proven.

The conclusions of law provide, in effect, that: (1) accord and satisfaction was not proven; (2) the Pierces still owe Malarchick $2,627.92; and (3) Malarchick is entitled to judgment for $2,627.92, plus interest and costs.

The Pierces do not here directly challenge any specific finding of fact. They say the only issue is one of law:

"Whether the acceptance by . . . [Malarchick] of a $3500.00 check from . . . [the Pierces], *knowing that it was tendered in full settlement* of . . . [Malarchick's] disputed claim against them, constituted an accord and satisfaction." [Emphasis added]

We have said a number of times that labels are not binding upon us in our review of trial court findings and conclusions, e. g., *Jahner v. Jacob*, 233 N.W.2d 791 (N.D.1975). Malarchick argues that whether there is an accord and satisfaction is entirely a question of fact, citing *Frank v. Daimler-Benz, A. G., Stuttgart*, 226 N.W.2d 143, 147 (N.D.1975). A question may be entirely one of law or one of fact or it may be mixed. Finding ultimate facts may require more than a theoretical application of

logical reasoning from the evidence—it may require the application of legal principles. See *Bd. of Ed. of Long Beach, Etc. v. Jack M.*, 19 Cal.3d 691, 139 Cal.Rptr. 700, 566 P.2d 602, 606 (1977). When the evidence is such that reasonable men can draw but one conclusion therefrom, a question of fact becomes a question of law. *Schatz v. Jerke*, 199 N.W.2d 908, 910 (N.D.1972). See also, *McKechnie v. O'Neil*, 252 N.W.2d 875 (N.D. 1977); *Buehner v. Hoeven*, 228 N.W.2d 893 (N.D.1975); and *Schan v. Howard Sober, Inc.*, 216 N.W.2d 793 (N.D.1974).

A mixed question of fact and of law may, in a jury case, be "for the jury," but it does not necessarily follow that mixed questions of fact and of law, in a court case, are to be reviewed by this Court under the strictures of Rule 52(a), N.D.R.Civ.P. 9 Wright and Miller, Federal Practice and Procedure, § 2589, says "there is substantial authority that they [mixed questions of fact and of law] are not protected by the 'clearly erroneous' rule and are freely reviewable." We have said that if the question is "more a question of law than a question of fact," we are not required to follow Rule 52(a). *Dolajak v. State Auto. & Cas. Underwriters*, 252 N.W.2d 180, 182 (N.D.1977). See also, *University Hills, Inc. v. Patton*, 427 F.2d 1094, 1099 (6th Cir. 1970).

The applicable statutes are found in Chapter 9–13 of the North Dakota Century Code, "Release and Substitutions of Obligation." Accord is defined in § 9–13–04:

"An accord is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled."

Satisfaction is defined in § 9–13–05:

"Acceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction."

---

1. The practice of directing either or both parties to prepare the findings, as authorized by § 28–16–04, NDCC, which has been superseded by the Rules of Civil Procedure, may not result in the best findings. Malarchick's counsel acknowledged in oral argument that, because he didn't expect the case to be appealed, he devoted little effort to the preparation of findings of fact and conclusions of law. Although the failure is not fatal to their appeal, we point out that the Pierces could have sought an amendment of the findings under Rule 52(b), N.D.R. Civ.P., if they believed that a clarification was necessary to a clear understanding of the basis of the decision. See *Ellendale Farmers Union Cooperative Ass'n v. Davis*, 219 N.W.2d 829, 836 (N.D.1974).

■ One who claims accord and satisfaction in effect admits the existence of an obligation under a previous contract, but asserts that a new contract has been entered into between the parties. See, generally, *Brewer v. Northgate of Orlando, Inc.*, 143 So.2d 358, 361 (Fla.App.1962). In *Frank v. Daimler-Benz, A. G., Stuttgart, supra*, at 226 N.W.2d 147, quoting from *Hochstetler v. Graber*, 78 N.D. 90, 97, 48 N.W.2d 15, 20 (1951), we said:

"'Accord and satisfaction is an affirmative defense . . . There must be a mutual understanding in order to effect an accord and satisfaction. An essential element is an assent or meeting of the minds of the parties. . . . Where the evidence with respect to the facts is conflicting, the question whether or not there has been an accord and satisfaction is for the jury. . . . The burden of proof to establish accord and satisfaction is upon the party who seeks to rely upon it.'"[2]

An early New York case held:

"Whether there is an accord and satisfaction ordinarily involves a pure question of intention, which is, as a rule, a question of fact. If the evidence directly or through reasonable inference creates no conflict concerning the intention, it is a question of law." *Moers v. Moers*, 229 N.Y. 294, 128 N.E. 202, 203, 14 A.L.R. 225, 228 (1920).

See also, *United States Rubber Products v. Clark*, 145 Fla. 631, 200 So. 385 (1941), and *Best Concrete Corp. v. Oswalt Engineering Serv. Corp.*, 188 So.2d 587 (Fla.App.1966).

The Pierce argument here is that Malarchick admitted knowing that the tender of the $3,500 check was "in full settlement" of the disputed claim and that, therefore, the evidence creates no conflict concerning the intention. If there was, in fact, no conflict in the. evidence, we would be obliged to agree that no question of fact remained, and that accord and satisfaction had been established as a matter of law.

The evidence does, however, reveal a conflict concerning Malarchick's awareness that Mrs. Pierce intended to offer the $3,500 check as a full settlement. The conflict is in Malarchick's own testimony. At one point he denied knowing that the check was tendered as a full settlement. Thereafter, he acknowledged that he understood her intention. The Pierces therefore contend, without citing any authority, that as a general rule a party is bound by his own testimony which is favorable to his opponent. In *Verry v. Murphy*, 163 N.W.2d 721, 735 (N.D.1969), we said:

"It is a well-recognized rule of evidence and sound principle that a party cannot claim the benefit of a version of relevant facts more favorable to him than he has made for himself by his own testimony. 169 A.L.R. 798."

■ The annotation in 169 A.L.R. 798 points out that the "majority rule" is that even when a party has given testimony which is in conflict with his right to recover, it is still for the trier of fact to decide the issue *upon all the evidence*. It appears that only in Georgia, Montana and Utah is it customary to always apply that version of his testimony which is most unfavorable. Nothing in *Verry v. Murphy, supra*, or any other case, indicates that we have adopted this more narrow view, and we do not do so now. We believe, however, that testimony unfavorable to one's own contention can be a "judicial admission" if it is "deliberate, clear and unequivocal." See footnote 4 in *Backar v. Western States Producing Co.*, 547 F.2d 876, 880 (5th Cir. 1977); the annotation in 169 A.L.R. 798; and 4 Wigmore, Evidence, Admissions, § 1048 (Chadbourn Rev. 1972), et seq., and 9 Wigmore, Evidence (3d Ed.), Judicial Admissions, § 2594a. In *Oakland v. Nelson*, 28 N.D. 456, 149 N.W. 337, 340 (1914), this Court quoted from Jones Commentaries on Evidence:

"'It is hardly necessary to add . . . unless admissions are contractual, or unless they constitute an estoppel . . .

---

**2.** In *Amann v. Frederick*, 257 N.W.2d 436, 439 (N.D.1977), we said that the term "meeting of the minds" is misleading, and we suggested

that the more appropriate term is "mutual assent to a contract."

they are not conclusive but open to rebuttal or explanation, or they may be controlled by higher evidence.'"

 While it is true that, at one point, Malarchick denied that he understood the $3,500 was offered as a full settlement, his later statements reveal that he was, at all times, aware that the real purpose of the check was a settlement offer. He admitted knowing the condition of Mrs. Pierce's offer several times, and even some deliberate and repeated attempts by Malarchick's counsel to rehabilitate his client failed. These attempts were only ended when, after overruling an objection, the Judge said:

"I think the witness is being subjected to some questions that are complicated and I think that both of you gentlemen could phrase your questions accordingly. Now, obviously the man did accept the check and obviously the question is how he accepted it. He has stated to the best of his ability that he took the check and when asked how he took it, he says well, he took it, from Mr. Schnell's question of him, took it from her and said *yes she was offering it as full settlement from her side.* You may continue to question your client Mr. Hunke, but this is the determination that the Court gets out of it. I think that your questions could be clearer and simpler in this respect." [Emphasis added.]

The admission by Malarchick was not, thereafter, rebutted or explained in any way.

Nonetheless, the trial judge later found that the Pierces had failed to establish the defense of accord and satisfaction. Rule 52(a), N.D.R.Civ.P., states that findings of fact should not be set aside unless clearly erroneous. We have often repeated the statement that "a finding is 'clearly erroneous' only when, although there is some evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Estate of Elmer*, 210 N.W.2d 815, 820 (N.D.1973). We are left with such a conviction in this case.

In addition, the only evidence which could support the trial court's finding lies in a single, confusing assertion by Malarchick that he did not understand that, when she gave him the check, Mrs. Pierce intended the $3,500 as a full settlement. All the remaining testimony, both from Malarchick and from Mrs. Pierce, indicates a mutual understanding that a settlement was offered. Malarchick testified that he visited the Pierces' home in order to make a settlement. It is clear that he was not pleased with Mrs. Pierce's offer, but it is equally clear that he understood the condition of the offer. His testimony on that issue is sufficiently "deliberate, clear and unequivocal" to operate as a judicial admission. An accord was thus reached as a matter of law when Malarchick accepted Mrs. Pierce's check, knowing it to be tendered as a full settlement. The accord was satisfied, as a matter of law, when Malarchick endorsed and cashed her check. See, *Campbell v. Beaton*, 117 N.W.2d 849 (N.D.1962).

The judgment of the district court is reversed. The case is remanded for judgment in accordance with the opinion.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.