Clarence HAGGARD, Plaintiff
and Appellant,

v.

OK RV SALES, Defendant, Third-Party
Plaintiff and Appellee,

v.

WINNEBAGO INDUSTRIES, INC., and
Chrysler Corporation, Third-Party
Defendants and Appellees.

Civ. No. 10059.

Supreme Court of North Dakota.

Jan. 26, 1982.

Thomas M. Disselhorst, Bismarck, for plaintiff and appellant.

Bair, Brown & Kautzmann, Mandan, for defendant, third-party plaintiff and appellee, OK RV Sales; argued by Malcolm H. Brown, Mandan.

Zuger & Bucklin, Bismarck, for third-party defendant and appellee, Winnebago Industries, Inc.; argued by Murray Sagsveen, Bismarck.

Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for third-party defendant and appellee, Chrysler Corp.; argued by Patrick A. Conmy, Bismarck.

PEDERSON, Justice.

Clarence Haggard (Haggard) appeals from a district court's ruling granting OK RV Sales (OK Sales) a directed verdict at the conclusion of Haggard's case. Haggard, as plaintiff, sought to rescind a contract for the purchase of a motor home. We reverse.

Clarence Haggard is engaged in the real estate and auctioneering business. In 1977 he purchased a recreational motor vehicle in order to facilitate the handling of his business interests. This vehicle was purchased from OK Sales, a local dealer of recreational vehicles. During the preliminary discussions, Haggard informed OK Sales that he intended to use the vehicle for his business. The vehicle purchased by Haggard was a Winnebago motor home. Winnebago Industries, Inc., builds the coach upon a chassis manufactured by Chrysler Corporation.

Standard Chrysler-Winnebago warranties were included in the transaction at the closing of the purchase.

The relationship between Haggard and OK Sales was fraught with frustration from the beginning. Defects were discovered in the vehicle even before its purchase. Haggard brought these defects to the attention of the OK Sales staff, who assured him that they would be corrected. These problems were then alleviated by OK Sales before final delivery of the vehicle.

Soon after taking possession of the vehicle, however, Haggard continued to experience difficulties with the motor vehicle. OK Sales did not have a full service repair shop so many of the repairs were done at other service centers in the surrounding area. Each of these defects took anywhere from several hours to several days to repair. Haggard testified that repairs of these defects took a considerable amount of time away from his business.

Finally, Haggard concluded that it was unsafe to operate the vehicle because of the defects in the wheels and chassis. This lawsuit was commenced and a notice of rescission was served upon OK Sales. OK Sales brought a third-party complaint against Winnebago, Inc., and Chrysler Corporation. The case was heard before a jury. At the close of Haggard's case, OK Sales moved for a directed verdict which was subsequently granted by the court. The third-party complaints were also dismissed at that time. Judgment was then entered in favor of the defendants. The district court, in ordering a judgment in favor of the defendants, relied upon Rule 50(a), NDRCivP.[1] This appeal followed.

The grounds upon which the court granted the directed verdict were not listed in the Order for Directed Verdict. The court's reasons for granting the motion were, however, available from the transcript. The court found:

(1) That the plaintiff failed to take those steps necessary to rescind the contract in that he failed to allow OK Sales or Chrysler Corporation an opportunity to correct the problem with the wheels.

(2) That he never gave notice to either OK Sales or Chrysler Corporation of this defect.

(3) That the other breaches were minor and insignificant and ones which the evidence shows were primarily corrected. The court found as a matter of law that they did not constitute a substantial breach.

■ We do not agree with the court that Haggard "failed to establish those prerogatives that are necessary for this court to allow this case to be submitted to the jury."

The first and second grounds for the court's decision to grant a directed verdict were that, first, Haggard failed to notify OK Sales or Chrysler Corporation of the wheel defect and, second, that he failed to allow them to correct the problem.

An applicable standard for the granting of a motion for a directed verdict is outlined in *Undlin v. City of Surrey*, 262 N.W.2d 742, 745 (N.D.1978).

" 'A motion for directed verdict is to be denied unless the evidence is such that reasonable men, without weighing the credibility of witnesses or otherwise considering the weight of the evidence, could not disagree upon the conclusion to be reached.' " *Waletzko v. Herdegen*, 226 N.W.2d 648, 651 (N.D.1975), quoting from the syllabus in *Nokota Feeds, Inc. v. State Bank of Lakota*, 210 N.W.2d 182 (N.D.1973).

"A motion for a directed verdict should not be granted unless the moving party is

1. "(a) Motion for Directed Verdict—When Made—Effect. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury." Rule 50(a), NDRCivP.

entitled to a judgment on the merits as a matter of law. In determining whether or not the moving party is entitled to a judgment on the merits as a matter of law, the evidence should be evaluated in the light most favorable to the party against whom the motion was made." *Rau v. Kirschenman*, 208 N.W.2d 1, 2 (N.D.1973).

"However, a mere scintilla of evidence in favor of the party against whom the motion is made does not preclude the granting of the motion." *Askew v. Joachim Memorial Home*, 234 N.W.2d 226, 240 (N.D.1975).

■■■■ The standard of review of a directed verdict is the same in the appellate court as it is in the lower court. The lower court grants a directed verdict as a matter of law. This decision is fully reviewable by the appellate court. We therefore are not bound by the criteria of Rule 52(a), NDRCivP.

A review of the trial transcript reveals that the court's contention that Haggard failed to allow OK Sales and Chrysler Corporation an opportunity to correct the problem with the wheels is incorrect. A sales manager of OK Sales testified at trial to the following:

"Q. Did Mr. Haggard ever come to you with any complaints about the chassis?

"A. Continually.

"Q. And how was he handled?

"A. Well, we would direct him to Mandan Chrysler or Missouri Valley Motors and have the chassis problems that were, in his opinion, engineering defects on behalf of Chrysler; for example, the wheels . . . . "

The sales manager further testified:

"Q. Did he [Haggard] continually have complaints about the wheels?

"A. Yes."

This evidence is not such that "reasonable men, without weighing the credibility of witnesses or otherwise considering the weight of the evidence, could not disagree upon the conclusion to be reached." *Undlin v. City of Surrey, supra*, 262 N.W.2d at 745. *See also Frank v. Daimler-Benz, A. G., Stuttgart*, 226 N.W.2d 143 (N.D.1975).

The record is replete with the facts that both Chrysler and OK Sales were aware of Haggard's concern over the wheel defects. Considering all the evidence in a light most favorable to Haggard, it is difficult to understand how a jury could only reach the conclusion that the dealer had not been notified of the wheel defect and had not been allowed a reasonable opportunity to correct it.

The court's third ground for the directed verdict was that the other breaches were minor and insignificant and did not constitute a substantial breach. OK Sales had been informed by Haggard that he intended to use the vehicle to facilitate his business interests. Haggard testified that repairing the vehicle was time consuming, and that he spent "25% of my time trying to keep that Winnebago on the road . . . . " The fact that the defects, when considered individually, may be considered "minor and insignificant" is not controlling. The cumulative effect of all these problems denying Haggard the intended use of this vehicle was not such that a jury of reasonable men and women could only conclude that they did not constitute a substantial breach.

The motion for a directed verdict should not have been granted. The case is reversed and remanded for new trial.

ERICKSTAD, C. J., VANDE WALLE and SAND, JJ., and KIRK SMITH, District Judge, concur.

SMITH, District Judge, sitting in place of PAULSON, J., disqualified.