**Don GANZER, Personal Representative for the Estate of Rose Ganzer, Plaintiff and Appellant,**

v.

**Bobbi WOODBURY, Defendant and Appellee.**

**Civ. No. 880016.**

Supreme Court of North Dakota.

Aug. 16, 1988.

Baird & Senn, Dickinson, for plaintiff and appellant; argued by David F. Senn.

Mackoff, Kellogg, Kirby & Kloster, P.C., Dickinson, for defendant and appellee; argued by Paul G. Kloster.

LEVINE, Justice.

Rose Ganzer (Ganzer) sued Bobbi Woodbury for damages, alleging that she incurred severe injuries when she was struck by a car negligently operated by Woodbury. Ganzer died before the trial commenced, and Don Ganzer, the personal representative of Ganzer's estate, was substituted as party plaintiff. The case was tried before a jury. At the close of the plaintiff's case the trial court granted Woodbury's motion for a directed verdict, and a judgment of dismissal was entered from which Don Ganzer appealed. We reverse and remand for a new trial.

Ganzer, a ninety-one year old resident of Dickinson, was walking from her apartment to the Woolworth's Department Store when the accident happened. She walked through the post office parking lot and was standing on the combination sidewalk/driveway watching for traffic to clear so she could cross the street. Ganzer, who testified through a videotaped deposition taken prior to her death, stated that a dark vehicle was parked on the street adjacent to the sidewalk approximately two or three feet from where she was standing on the sidewalk/driveway. She testified that the vehicle suddenly backed up, striking and knocking her to the ground, causing her injuries.

In granting the directed verdict in favor of defendant Woodbury, the trial court determined that Ganzer failed to prove that Woodbury was operating a vehicle at the time of the accident "at or near the place of the alleged accident" and also failed to

introduce evidence to establish negligent behavior by Woodbury.

Having reviewed the record, we, too, are struck by the modicum of evidence introduced by the plaintiff in this case. However, a motion for directed verdict should rarely be granted, especially in negligence cases. *Frank v. Daimler–Benz, A.G., Stuttgart, West Germany,* 226 N.W.2d 143 (N.D.1975). A motion for a directed verdict should not be granted unless the moving party is entitled to a judgment on the merits as a matter of law, and in making that determination the court must evaluate the evidence in the light most favorable to the party against whom the motion is made. *Deichert v. Fitch,* 424 N.W.2d 903 (N.D. 1988); *Haggard v. OK RV Sales,* 315 N.W. 2d 475 (N.D.1982). The motion for directed verdict must be denied unless the court determines, without weighing the credibility of witnesses or otherwise considering the weight of the evidence, that reasonable men could not disagree upon the conclusion to be reached. *McCarney v. Knudsen,* 342 N.W.2d 380 (N.D.1983).

If the trial court has any doubt as to whether reasonable persons could reach differing conclusions from the evidence,

"... the better practice is for the judge to deny the motion and let the jury return a verdict. The judge can then consider a Rule 50(b) motion for judgment notwithstanding the verdict. If he grants the Rule 50(b) motion and the appellate court reverses, it can reinstate the jury's verdict, thus avoiding the necessity of a remand for a new trial." 5A Moore's Federal Practice § 50.05[3] (2d ed. 1948).

■ Viewing the evidence in the light most favorable to Ganzer we believe that a reasonable person could conclude that Ganzer was struck and injured by Woodbury's negligent operation of her vehicle.

Woodbury testified that her vehicle was located in approximately the same location as the parked vehicle which Ganzer asserts backed into her. Ganzer testified that the vehicle that struck her was a dark vehicle, not like a regular car, but rather a "jeep or ... rig of some kind." That description is

consistent with the characteristics of the Jeep Wagoneer driven by Woodbury. We believe that Woodbury's testimony together with Ganzer's description of the vehicle presented a jury question as to whether Woodbury was the driver who allegedly struck Ganzer.

The trial court also determined that there was no evidence to establish negligent conduct by Woodbury. We disagree.

█ A driver has a duty to exercise due care to avoid colliding with a pedestrian and to refrain from moving a parked vehicle or backing a vehicle until it can be safely accomplished. Sections 39–10–30, 39–10–37, and 39–10–52, N.D.C.C. This court has previously concluded that a jury was justified in finding a motorist negligent whose alleged conduct was, in part, a failure to ascertain that backward movement of his vehicle could be made with reasonable safety. *Serbousek v. Stockman Motors, Inc.*, 106 N.W.2d 879 (N.D. 1960).

█ Ganzer testified that the parked vehicle was suddenly backed up and that it struck her. Evaluating the evidence in the light most favorable to Ganzer, we believe that reasonable persons could disagree on the conclusion to be reached.

We hold that the trial court erred in granting the motion for directed verdict. The case should have been submitted to the jury. Accordingly, we reverse and remand for a new trial.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.