Peterson v. Ramsey County, 1997 ND 92, 563 N.W.2d 103|N.D. Supreme Court|
Peterson v. Ramsey County, 1997 ND 92, 563 N.W.2d 103
[Go to Documents]
Filed May 13, 1997
IN THE SUPREME COURT
STATE OF NORTH DAKOTA
1997 ND 92
Ronald Peterson, dba Ronald Peterson Construction, Plaintiff and Appellee
v.
Ramsey County, aka Ramsey County Sewer District #1, Defendant and Appellant
Civil No. 960131
Appeal from the District Court for Ramsey County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.
AFFIRMED.
Opinion of the Court by Maring, Justice.
Peter K. Halbach (argued), Haugland, Halbach and Halbach, P.O. Box 918, Devils Lake, N.D. 58301, for defendant and appellant.
Cameron D. Sillers (argued), Cameron D. Sillers, PC, 908 Third Street, Langdon, N.D. 58249, for plaintiff and appellee.
Peterson v. Ramsey County
Civil No. 960131
Maring, Justice.
[¶1] Ramsey County appeals the trial court's Judgment dated December 8, 1995, and order denying its motion for new trial dated April 22, 1996. We affirm the judgment and order.
[¶2] In September 1988 Ronald Peterson, doing business as Ronald Peterson Construction Company (Peterson), entered into a written contract with Ramsey County (the County or the owner) to "commence and complete the construction of Small Diameter Gravity Sewers. . . ." Peterson's work was to be supervised by the project engineer, Olson-Kaufman, Inc. (the engineer). The contract documents provided that any changes in the contract or the contract price must be in written form, called a change order, and authorized before any changes in work, materials or price took place. Throughout the project, however, the engineer or representatives of the County directed Peterson to make additions or other modifications in the field. These changes were often directed and completed without prior authorization in the form of a written change order. The trial court concluded oral modifications were made to the general contract by mutual agreement in this manner and the County does not appeal this finding.
[¶3] Peterson substantially completed work on the project in May of 1990 and the final inspection and acceptance of the project was conducted by the engineer. A dispute arose at the end of the project as a result of the additions and modifications which had occurred in the work performed. On or about May 5, 1992, the County issued a Warrant-Check to Peterson for $11,980.72, which the County intended as the final payment for performance of the contract. The check did not contain a restrictive endorsement informing Peterson that cashing the check would constitute a full and complete settlement of the disputed issues, nor was the check accompanied by a letter informing Peterson of such consequences.
[¶4] On May 29, 1992, Peterson wrote a letter to the County setting forth a number of issues and claims that had arisen during the performance of the contract. In this letter, Peterson in essence informed the County he did not accept the proffered $11,980.72 check as final payment for the work performed, and requested an additional $37,667.14 on the contract. On June 23, 1992, the Ramsey County State's Attorney sent a letter to Peterson stating the check for "approximately $11,900" was the County's "final offer for final payment." On January 4, 1993, after several months with no communication between the parties, Peterson cashed the $11,980.72 check and brought suit against the County to recover the $37,667.14 balance.
[¶5] In its answer to Peterson's complaint, the County asserted the affirmative defense of accord and satisfaction. A bench trial was held on June 27 and 28, 1995. The trial court entered judgment in favor of Peterson in the amount of $56,783.05 on December 8, 1995. After judgment was entered, the County moved for a new trial on the grounds the findings, conclusions, and order of the court were contrary to and against the law, and the evidence was insufficient to justify the court's findings. On April 22, 1996, the motion was denied. The County appeals the judgment and order denying its motion for a new trial.
[¶6] The County contends Peterson's retention and cashing of the check tendered as "final offer for final payment" created an accord and satisfaction as a matter of law; or in the alternative, that the trial court's refusal to find an accord and satisfaction under the facts was clearly erroneous.
[¶7] The question of whether there is an accord and satisfaction is a question of fact. See, e.g., Herb Hill Ins., Inc. v. Radtke, 380 N.W.2d 651 (N.D. 1986); Shirazi v. United Overseas, Inc., 354 N.W.2d 651 (N.D. 1984). This Court will not reverse a trial court's finding of fact on appeal unless it is clearly erroneous. Rule 52(a), N.D.R.Civ.P. "[A] finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." Matter of Estate of Murphy, 554 N.W.2d 432, 436 (N.D. 1996) (citation omitted).
[¶8] The County argues the question of whether there was an accord and satisfaction in this case is a question of law and not a question of fact. When the evidence is such that a reasonable person can draw only one conclusion, a question of fact becomes a question of law. Malarchick v. Pierce, 264 N.W.2d 478, 479 (N.D. 1978). Questions of law are not reviewed under the clearly erroneous standard. A review of the record reveals that a reasonable person could draw more than one conclusion from the facts of this case. We conclude the "clearly erroneous" standard of review applies here. Rule 52(a), N.D.R.Civ.P.
I
[¶9] Accord and satisfaction are defined by statute in North Dakota.(1) N.D.C.C. § 9-13-04 defines accord as, "an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled." N.D.C.C. § 9-13-05 defines satisfaction as, "[a]cceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction." "The 'accord' is the agreement and the 'satisfaction' is its execution or performance." Shirazi v. United Overseas, Inc., 354 N.W.2d 651, 654 (N.D. 1984).
[¶10] This court has had several opportunities to interpret these statutes. See Earthworks, Inc. v. Sehn, 553 N.W.2d 490, 495 (N.D. 1996); Mougey v. Salzwedel, 401 N.W.2d 509, 513 (N.D. 1987); Herb Hill Ins., Inc. v. Radtke, 380 N.W.2d 651, 652 fn1 (N.D. 1986); Dangerud v. Dobesh, 353 N.W.2d 328, 332 (N.D. 1984); Shirazi v. United Overseas, Inc., 354 N.W.2d 651, 654 (N.D. 1984); Malarchick v. Pierce, 264 N.W.2d 478, 479 (N.D. 1978); Frank v. Daimler-Benz, A.G., Stuttgart, West Germany, 226 N.W.2d 143, 147 (N.D. 1975). We have consistently held an essential element of an accord and satisfaction is an agreement evidencing the parties' mutual assent. See, e.g., Earthworks, Inc., 553 N.W.2d at 495. Accord and satisfaction is an affirmative defense and the burden of proof is on the party raising the defense. Shirazi v. United Overseas, Inc., 354 N.W.2d 651, 654 (N.D. 1984). The trial court found the County did not meet its burden of proving Peterson had agreed to accept the $11,980.72 check as settlement of all his claims.
[¶11] The County contends this case is comparable to Malarchick v. Pierce, 264 N.W.2d 478 (N.D. 1978), in which this court concluded an accord and satisfaction had occurred as a matter of law when a contractor cashed a check offered as full settlement of the disputed claim. The facts of Malarchick, however, are clearly distinguishable. In Malarchick, the contractor performed work on the Pierces' home under a "loose" agreement without a specified price. After Malarchick had substantially completed the work, a dispute arose as to the price. Malarchick was given a check for $3,500 as a full settlement by the Pierces. While at one point Malarchick denied he understood the $3,500 check was offered as full settlement, Malarchick later testified that, although he was not pleased with the offer of $3,500 as a full settlement, he knew at all times the offer was for a full settlement. Because that understanding evidenced a meeting of the minds, Malarchick's cashing of the check constituted an accord and satisfaction. In this case, Peterson testified he never understood the $11,980.72 as a full settlement of all his disputed claims. In fact, he testified he cashed the check with the understanding he could still pursue his disputed claims against the County. The County's reliance on Malarchick is misplaced.
[¶12] The County also cites case law from other jurisdictions. We find those cases unpersuasive in light of our own statutes and case law. Mere negotiation of a check without evidence of mutual assent does not constitute accord and satisfaction under North Dakota law.
[¶13] When Peterson received the May 5, 1992, check, there was no indication it was intended as an offer of "final payment." The check was not accompanied by a letter or other statement describing it as final payment for Peterson's work, nor did the check itself contain any language restricting its endorsement. The engineer did suggest the $11,980.72 amount as final payment in a May 1, 1992, letter to the Ramsey County Commissioners, and a copy of that letter was sent to Peterson Construction Company. On May 29, 1992, however, Peterson wrote to the County detailing work performed and requesting an additional payment of $37,667.14. He also indicated in his letter that if his offer to settle for $37,667.14 was not accepted he would start legal proceedings. After the County received this letter, the State's Attorney wrote to Peterson stating, "[t]he County Commissioners decided that the final offer to you for final payment enclosure of Phase II of the project shall be in the amount of the check which had been forwarded to you previously, of approximately $11,900." Peterson was not present at the Ramsey County Commission meeting when that decision was made. On or about January 4, 1993, Peterson cashed the $11,980.72 check.
[¶14] The County contends Peterson's conduct in cashing the check was sufficient evidence to demonstrate his agreement to accept the check as full and final settlement. The County also argues the trial court's reliance on Shirazi v. United Overseas, Inc., 354 N.W.2d 651 (N.D. 1984) is erroneous. We do not agree with the County. In Shirazi, the plaintiff cashed a check for $500 which was sent to him with a letter stating the offer was "in settlement of your claim." Id. at 653. This Court concluded there was not an accord and satisfaction as a matter of law and the trial court's finding of no accord and satisfaction was not clearly erroneous. Id. at 655. This court reasoned,
[t]he trial court found that both parties agreed that the $500 payment was owed, but that at no time did Shirazi agree to accept the $500 in lieu of his remaining claim against the defendants. The record reflects that an on-going controversy existed between the parties after Shirazi received the check and that Shirazi cashed the check only after being assured by his legal counsel that doing so would not jeopardize the remainder of his claim against the defendants. Shirazi testified that at the time he cashed the check, he still believed he had a claim against United Overseas. Although Shirazi ultimately cashed the check, all of Shirazi's actions in regard to this controversy reveal no intention to abandon his claim for the remainder of the [claim].
Id. at 654-655.
[¶15] Peterson's actions were similar to those of Shirazi. Both the County and Peterson agreed the $11,980.72 was due and owing on the contract. The amount in dispute was the additional $37,667.14 which the County refused to pay. After receiving the check, Peterson made known his additional claims and disputed the County's failure to pay them. The County's check for $11,980.72 was never posited as an offer to settle in full the disputed $37,667.14, but rather as the "final payment" under the contract. Peterson cashed the check only after setting forth his claims in writing to the County and indicating he would litigate if he was not paid. Peterson, like Shirazi, testified he did not accept or cash the check with the understanding that doing so would constitute a full settlement of all his claims. The trial court found Peterson's endorsing and cashing the check was without intent to settle all claims. "Where a trial court chooses between two permissible views of the weight of the evidence, its decision on the matter is not clearly erroneous." Shirazi, 354 N.W.2d at 655 (citations omitted). We conclude under the facts of this case the trial court's finding the County failed to establish by a preponderance of the evidence an accord and satisfaction is not clearly erroneous.
[¶16] In this appeal, neither party addressed section 14.16 of the general contract between the parties specifically allowing Peterson to accept a "final payment" without waiving any claims he had previously made in writing. Section 14.16 of the general contract for construction states in part:
The making and acceptance of final payment will constitute: . . . 14.16.2. a waiver of all claims by CONTRACTOR against OWNER other than those previously made in writing and still unsettled. [Emphasis in original].
Peterson's May 29, 1992, letter setting forth his claims and requesting the additional $37,667.14 meets the general contract requirement of placing disputed claims in writing before acceptance of final payment. The trial court found, "[t]his contract provision is consistent with Peterson's conduct and belief that he could process a check labeled final payment in a subsequent letter without waiving the remaining disputed claims." We agree with the trial court this contract provision is consistent with Peterson's position that he could cash the "final payment" check and still pursue his remaining claims.
II
[¶17] The County argues if we do not reverse the judgment, we should, in the alternative, reverse the trial court's denial of its motion for new trial. We disagree.
[¶18] When an appeal is taken from a trial court's refusal to grant a new trial, we review the trial court's order under an abuse of discretion standard. Binder v. Binder, 557 N.W.2d 738, 740 (N.D. 1996). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. Id. "An abuse of discretion is never assumed; the burden is upon the party seeking relief to affirmatively establish it." Grinaker v. Grinaker, 553 N.W.2d 204, 207 (N.D. 1996) (citations omitted). "A motion for a new trial is addressed to the sound discretion of the trial court." Ebach v. Ralston, 510 N.W.2d 604, 611 (N.D. 1994). This case was tried to the court, not to a jury. Peterson testified he did not intend to accept the $11,980.72 as discharging his claim to the additional $37,667.14, and the trial court found his testimony credible. In addition, the trial court viewed the documentary evidence and found the County did not carry its burden of establishing Peterson's cashing of the check proved an assent or intent to abandon his disputed claims. Based on the record, we are not convinced the trial court acted arbitrarily, unconscionably, or unreasonably in denying the County's motion. The trial court, therefore, did not abuse its discretion.
[¶19] The trial court's judgment and order denying the motion for new trial are affirmed.
[¶20]
Mary Muehlen Maring
William A. Neumann
Dale V. Sandstrom
Herbert L. Meschke
Gerald W. VandeWalle, C.J.
Footnote:
1. N.D.C.C. §§ 9-13-04 and 9-13-05. A new statute, congruent with this opinion, will hereafter govern "accord and satisfaction by use of instrument." See N.D.C.C. § 41-03-37, particularly subsection 2:
Unless subsection 3 applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.
Since this section became effective on July 1, 1993, it does not affect this case. See 1991 N.D. Laws Ch. 448, §§ 10 and 22.