**Anton STECKLER, Plaintiff and Appellant,**

v.

**MASSEY–FERGUSON, INC., a foreign corporation, Defendant and Appellee.**

Civ. No. 10273.

Supreme Court of North Dakota.

May 19, 1983.

Vogel Law Firm, Mandan, for plaintiff and appellant; argued by Jos. A. Vogel, Jr., Mandan.

Zuger & Bucklin, Bismarck, for defendant and appellee; argued by Robert V. Bolinske, Bismarck.

SAND, Justice.

The plaintiff, Anton Steckler (Steckler), appealed from a district court order amending the original judgment to conform to the jury verdict,[1] but vacating and discharging the original judgment and amended judgment, and ordering a new trial on all issues for the defendant, Massey-Ferguson, Inc. (Massey-Ferguson).

Steckler, after negotiations emanating out of a prior transaction, purchased a 1980 Model 2805 tractor from Massey-Ferguson, and, as part of the transaction, traded in a 1977 Model 2805 tractor. Steckler and Massey-Ferguson executed a retail installment

---

1. The original judgment provided for "damages in the sum of $22,632.45, plus interest at the rate of 6% per annum from the first day of November, 1980, through the 28th day of April, 1982, in the sum of $1,923.74, together with the Plaintiff's costs and disbursements incurred herein in the sum of $537.35, for a total Judgment in the sum of $25,093.54, together with interest thereon at the legal rate from and after the date of Judgment until paid in full." This was in conformity with the order for judgment prepared by counsel for Steckler. However, the trial court concluded that those figures did not comply with the jury verdict and entered an amended judgment in the sum of "$24,- 556.20, plus interest at the legal rate from the first day of November, 1980, together with Plaintiff's costs and disbursements incurred herein in the sum of $537.35, for a total Judgment in the sum of $25,093.55, together with interest thereon at the legal rate from and after November 1, 1980, until paid in full." The difference between the two judgments is that the original judgment included interest from 1 November 1980 through 28 April 1982 in the computation of damages, whereas the amended judgment required interest to be computed from 1 November 1980 and added to the damage total.

contract and security agreement which reflected that the sales price of the 1980 model tractor was $60,174.00, including sales tax, and that the net trade-in allowance for the 1977 model tractor was $18,118.88.

The 1980 model tractor "purchased" by Steckler was shipped to and remained on Massey-Ferguson's lot. Steckler, after inspecting the 1980 model tractor, complained that it had a bent drawbar and 36 hours of use recorded on the hour meter. After unsuccessful negotiations to resolve the matter, Steckler notified Massey-Ferguson via certified mail that he did not want the 1980 model tractor and requested return of the trade-in allowance ($18,118.88) or return of the trade-in tractor which had been sold by Massey-Ferguson to a third party. Massey-Ferguson refused to return the trade-in allowance to Steckler, who then initiated this action against Massey-Ferguson to rescind the retail installment contract and security agreement and to recover the trade-in allowance of $18,118.88, the $360.00 sales taxes paid, the costs of renting replacement tractors for the spring of 1981 at $15.00 per hour ($4,153.57), and costs and disbursements.

At the trial special verdict questions were submitted to the jury, which answered them as follows:

"Adhering to these Instructions, we the Jury, for our Special Verdict, answer the questions as set forth herein in accordance with the instructions already given, as follows:

"QUESTION NO. 1:

"Did the tractor fail in any respect to conform to the contract between plaintiff and defendant?

<u>    X    </u>                              _____
(Yes)                                    (No)

"IF YOU ANSWER QUESTION NO. 1 'NO,' SKIP QUESTIONS 2 and 3 AND GO ON TO QUESTION NO. 4.

"QUESTION NO. 2:

"Did the plaintiff rightfully reject the tractor under the rules for rejection in these instructions?

<u>    X    </u>                              _____
(Yes)                                    (No)

"IF YOU ANSWER QUESTION NO. 2 'NO,' SKIP QUESTION NO. 3 AND GO ON TO QUESTION NO. 4. IF YOU ANSWER QUESTIONS 1 and 2 BOTH 'YES,' ANSWER QUESTION NO. 3, BUT SKIP QUESTION NO. 4.

"QUESTION NO. 3:

"Did Plaintiff prove any damages?

<u>    X    </u>                              _____
(Yes)               .                    (No)

"IF YOU ANSWER 'YES,' STATE THE AMOUNT OF DAMAGES ASSESSED, $24,556.20, TOGETHER WITH INTEREST THEREON AT THE RATE OF SIX PERCENT PER ANNUM FROM THE 1st DAY OF Nov, 1980.

"IF YOU ANSWER QUESTION NO. 3, SKIP QUESTION NO. 4.

"QUESTION NO. 4:

"Did Defendant prove any damages?

_____                              <u>    X    </u>
(Yes)                                    (No)

"IF YOU ANSWER QUESTION NO. 4 'YES,' STATE THE AMOUNT OF DAMAGES ASSESSED, $_____, TOGETHER WITH INTEREST THEREON AT THE RATE OF SIX PERCENT PER ANNUM, FROM THE _____ DAY OF _____, 19___.

"QUESTION NO. 5:

"What do you find to have been the equity value of Plaintiff's interest in the tractor he traded in as of November 1, 1980?

"$    18,218    .

"NOTE: QUESTION NO. 5 MUST BE ANSWERED.

"Dated this    28    day of April, 1982, at Mandan, North Dakota.

S/    Terry P. Moszer
FOREMAN OF THE JURY"

Judgment was entered accordingly, after which Massey-Ferguson moved for a new trial pursuant to Rule 59, North Dakota Rules of Civil Procedure, on the grounds that (1) the evidence was insufficient to justify the verdict, (2) the damages were excessive and were the result of "influence with passion or prejudice," and (3) the jury

abused its discretion, thus preventing Massey Ferguson from having a fair trial.[2] Massey-Ferguson alternatively asked that, if the motion for new trial was not granted, the court should issue an order amending the judgment to conform with the verdict. (See footnote 1.)

The court ordered that the judgment be amended to conform with the verdict but vacated the original and amended judgment, and granted a new trial on the grounds that an irregularity in jury proceedings existed (failure to follow instructions as to damages) preventing Massey-Ferguson from having a fair trial and that the evidence was insufficient to support the damage verdict. Steckler appealed.

On appeal, Steckler contended that the trial court abused its discretion by granting Massey-Ferguson's motion for a new trial.[3] Steckler asserted that the trial court erred in concluding that the damages awarded by the jury were outside the range of the evidence and that the jury failed to follow the instructions which constituted an irregularity in the proceedings.

■■■ A motion for a new trial made pursuant to NDRCivP 59(b) is addressed to the sound discretion of the trial court, and the trial court's action in granting a new trial will not be disturbed on appeal unless a manifest abuse of discretion is shown. *E.g., Okken v. Okken*, 325 N.W.2d 264 (N.D. 1982). An abuse of discretion exists whenever the trial court acts in an unreasonable, arbitrary, or unconscionable manner. *Okken v. Okken, supra.* The trial court's discretion in granting a motion for a new trial is distinguishable from our power on appeal, which is limited to a determination of whether or not the granting of the motion was an abuse of discretion. *Cook v. Stenslie*, 251 N.W.2d 393 (N.D.1977). Furthermore, a stronger showing is required to reverse the granting of a new trial than to reverse an order denying a motion for a new trial. *Okken v. Okken, supra.*

■■■ If a motion for a new trial is based upon the insufficiency of the evidence to support the jury verdict, the trial judge may, within limits, weigh all the evidence and judge the credibility of witnesses. *Okken v. Okken, supra.* In reviewing the granting of a new trial based upon insufficiency of evidence, we view the evidence in the light most favorable to the verdict. *Scientific Application, Inc. v. Delkamp*, 303 N.W.2d 71 (N.D.1981).

With these principles of law in mind we will initially consider whether or not the trial court abused its discretion in granting a new trial on the basis the jury verdict had no support in and was outside the range of the evidence.

Steckler contended that the evidence introduced at the trial adequately established and supported all the following damages which the jury awarded to him, including the interest which was also pursuant to jury instructions:

| | |
|---|---|
| Loss of traded-in tractor | $ 18,118.88 |
| [$18,118.85—three-cent error discussed later] | |
| Sales tax paid on new tractor | 360.00 |
| Rental of replacement tractors | 4,153.57 |
| Sub-total damages | $ 22,632.45 |
| Interest on damages @ 6%, 1 Nov 1980 through March 1982 | 1,923.75 |
| [See jury instructions later] | |
| Grand total of damages as awarded by jury | $ 24,556.20 |

2. Massey-Ferguson did not contend, in its motion for a new trial or on appeal to this Court, that Steckler was not entitled to rescind, but rather essentially contended that the amount of damages awarded by the jury was not supported by the evidence.

3. Steckler also claimed that the court failed to make a finding with reference to the damages being excessive under NDRCivP 59(b)(5). We observe that the court is not required to make a finding on every item, particularly if the court finds that one item constitutes sufficient grounds for a new trial, even though on review we do not agree with the trial court. Nevertheless we cannot say that the trial court committed error for failure to make a specific finding on each item, especially after it found that grounds existed for a new trial. We realize that if the reviewing court does not sustain the trial court's decision granting a new trial then the reviewing court will not have the benefit of the trial court's finding on the other grounds upon which the trial court did not make a finding of fact.

The figure of $1,923.75 represents and is in this respect an amount in excess of the amount prayed for in Steckler's complaint. The complaint, however, asked for ten percent interest, which was the rate specified in the installment contract and security agreement.

Massey-Ferguson, in opposition, asserted that the record contained no evidence supporting the equity value of $18,218.00 for the 1977 model tractor traded in by Steckler, which is the figure the jury gave in response to question number five of the special verdict. Massey-Ferguson introduced evidence that the equity of the trade-in tractor was not the same as the net trade-in allowance, and that the net trade-in allowance was an artificial figure, used as a common practice, to encourage business.

The retail installment contract and security agreement entered into between Steckler and Massey-Ferguson and admitted into evidence without objection states, under the various box headings, as follows:

| Trade-in allowance | $ 41,814.00 |
|---|---|
| Less owing | $ 23,695.15 |
| Net trade-in | $ 18,118.88 |

Obviously, a three-cent error was made on the line item "net trade-in" because arithmetically the figure should have been $18,118.85 instead of $18,118.88; nevertheless, the figure with the three-cent error was carried forward and used throughout the subsequent computations. We must assume that it was not noticed because no reference was made to it, or the error was deemed merely an insignificant human error not deserving any special consideration.

Regarding the figure of $18,218.00 which the jury found as the equity value of the 1977 model trade-in tractor, the evidence technically does not support this figure, but the evidence supports a figure of $18,118.85, after making a correction for the obvious three-cent error. In reaching this conclusion we note that, in addition to the introduction into evidence of the retail installment contract and security agreement, Steckler testified that the allowance of the trade-in was $18,118.88. Furthermore,

Steckler's closing argument to the jury, although not evidence, reflects that his counsel argued that his equity in the trade-in tractor was the $18,118.88 stated in the retail installment contract and security agreement. The jury was instructed, without objection by either party, as follows concerning the amount of Steckler's damages:

"The measure of Plaintiff's damages are: One, the amount of his payment under the contract, as well as the sales tax; and, two, any loss resulting from the general or particular requirements and needs of Plaintiff of which the seller at the time of contracting had reason to know.

"In determining how much Plaintiff paid under the contract, it will be necessary for you to determine his equity value in the old tractor traded in."

The term "equity value" was not otherwise defined in the jury instructions.

■ We believe the notations in the retail installment contract and the testimony of Steckler provide evidentiary support and justify a conclusion by the jury that Steckler's equity in the trade-in tractor was $18,118.88, which, however, was erroneously reported by the jury as $18,218.00. We can understand that the jury, consisting of human beings, made a clerical error in rounding out the "net trade-in" or equity and writing $18,218, instead of $18,118.88. While the error in question does not come within Rule 61, NDRCivP, harmless error, we nevertheless believe the basic concept and rationale of disregarding errors which do not affect the substantial rights of the parties applies to this matter. This is particularly true if the error can be readily corrected by the court, as is the case here.

Upon examination of the record, we conclude that this was an obvious clerical error which can easily be corrected and justifiably could have been corrected by the trial court and does not legally warrant or support a motion for a new trial.

■ Although we recognize that a stronger showing is required to reverse the

granting of a new trial, we also recognize that the legal discretion to grant a new trial must be based on grounds which have an actual existence. In the instant case there is documentary evidence to support the jury verdict and the jury apparently chose to believe that evidence, as well as the testimony of Steckler, and to disbelieve the evidence presented by Massey-Ferguson concerning the equity in the trade-in tractor. This is not a case involving a personal injury in which there is no fixed formula for precisely computing the amount of damages recoverable. *Compare, Cook v. Stenslie, supra.*

The trial court also concluded that there was an irregularity in jury proceedings which deprived Massey-Ferguson of a fair trial because the jury failed to follow instructions as to damages.

Massey-Ferguson, in its brief, argued that Steckler, at the trial, only asked for total damages of $22,632.45 but the jury awarded him $24,556.20. In reviewing the record, we find evidence to support the equity of the trade-in tractor under the heading "net trade in" in the retail installment contract and security agreement to be $18,118.88 ($18,118.85). We also find evidence to support the figure of $360.00 for sales tax and $4,153.57 for rental of replacement tractors,[4] making a total of $22,632.45. Interest on that amount at six percent from 1 November 1980 (date of trade-in) to April 1982 (the month of the trial) is $1,923.75 which, when added to the damages, produces a grand total of $24,556.20, which is the amount the jury awarded.

The court's instruction to the jury on interest provides as follows:

"In the event you return a verdict awarding damages against either party, interest thereon at a rate not greater than six percent per annum from the date of the wrongdoing may be awarded in your discretion."

Neither party objected to this specific instruction. The jury, pursuant to this instruction, in its discretion could award interest at a rate not to exceed six percent per annum. We believe this instruction, together with the language used in the special verdict form requiring the jury to state the amount of damages assessed "together with interest thereon at the rate of six percent per annum," constituted a valid legal basis for the jury to conclude that interest was to be included in the jury's special verdict regarding damages. The instructions contain no direction to the jury that it should not compute interest or that the interest would be computed by the court after damages had been assessed. The computation of interest was a mathematical function not requiring any expertise. We therefore cannot conclude that the jury improperly awarded interest or computed interest and allowed such interest to be part of the general damages.[5]

We conclude that, after correcting the mathematical or clerical error of approximately $100.00 pertaining to the trade-in value, the jury verdict is supported by the evidence and conformed with the jury instructions. The amended judgment provides for damages in a specific amount with

---

4. Steckler claimed and testified that because the 1980 model tractor did not conform to his expectations, causing him to rescind, he sustained damages by having to rent two tractors to do his spring work in 1981. He testified that he paid $15.00 per hour for a tractor for an amount of $2,101.81, and $12.00 per hour for another tractor for an amount of $2,051.76, for a total amount of $4,153.57. The jury instructions on damages, as set out earlier herein, provided that the amount of Steckler's damages were "any loss resulting from the general requirements and needs of Plaintiff [Steckler] of which the seller [Massey-Ferguson] at the time of contracting had reason to know." The record does not reflect that Massey-Ferguson specifically objected to the jury instructions on

damages. Neither party has contended that the jury could not or legally should not have included the rental payments as damages. See NDCC § 41-02-94; *Schneidt v. Absey Motors, Inc.,* 248 N.W.2d 792 (N.D.1976). We must, therefore, consider these jury instructions as the applicable law of the case. In so doing, we are not implying error.

5. In our computation we took the figure of $18,118.88 and concluded that the figure in the special verdict of $18,218.00 was an obvious clerical error and corrected the figure to $18,118.85 which figure is the net trade-in price after correcting the three-cent error.

interest to be determined. However, the figure for damages given by the jury in the special verdict already includes interest up to 1 April 1982. Accordingly, the judgment should provide for interest, but only from and after 1 April 1982. The order vacating the amended judgment and granting a new trial is reversed and the matter is remanded for appropriate modification of the amended judgment.

ERICKSTAD, C.J., VANDE WALLE and PEDERSON, JJ., and DOUGLAS B. HEEN, District Judge, concur.

HEEN, District Judge, sitting in place of PAULSON, J., disqualified.