FIRST SOUTHWESTERN FINANCIAL SERVICES, fka L.C. Investment, dba LKO Financial Services, Plaintiff and Appellant,

v.

Ronald C. SESSIONS, Donna J. Sessions, and Scott Sessions, Defendants and Appellees.

No. 930364.

Supreme Court of Utah.

May 19, 1994.

Mark S. Swan, Mark E. Medcalf, Salt Lake City, for plaintiff.

J. Scott Buehler, Ogden, for defendants.

DURHAM, Justice:

First Southwestern Financial Services ("FSFS") appeals from two district court orders awarding Ronald, Scott, and Donna Sessions (the "Sessions") costs and reasonable attorney fees based upon the court's conclusion that the Sessions were "the prevailing party" under section 57–1–32 of the Utah Code. We reverse and remand for proceedings in accord with this opinion.

The material facts are not in dispute. In 1983, the Sessions jointly executed a promis-

sory note in exchange for a $33,336.97 loan from FSFS.[1] As security, the Sessions presented FSFS with a deed of trust in real property located in Ogden, Utah. The Sessions defaulted on the loan, and FSFS instituted a nonjudicial foreclosure of the deed. This foreclosure culminated in a trustee's sale in October 1990. Because the sale proceeds did not cover the debt, FSFS brought a deficiency action against the Sessions under section 57–1–32.

Prior to trial, the parties stipulated that as of the October 1990 sale, the Sessions owed FSFS $41,419.03 in principal and interest. To that amount, the district court added $428.63 for the costs of the trustee's sale and $1,500 for attorney fees incurred prior to the sale. With those additions, the total amount due and owing was $43,347.66.

Despite reaching agreement as to the October 1990 debt, the parties continued to dispute the property's fair market value on the date it was sold. At trial, FSFS claimed the property was worth $33,500; the Sessions countered with a $47,000 figure. An independent appraisal conducted by the Federal Deposit Insurance Corporation valued the property at $41,500. The district court found the fair market value to be $41,500 and granted FSFS a deficiency judgment of $1,847.66, plus $437.66 in interest.

Despite determining that FSFS was entitled to a $2,285.32 deficiency judgment, the district court ruled that the Sessions were entitled to $4,215 in costs and reasonable attorney fees as the prevailing party under section 57–1–32.[2] The court reached this conclusion because "the amount awarded [$2,285.32] is less than Twenty Percent (20%) of the amount claimed [$12,873.91]. Under the circumstances and the facts of the case, the Court finds that the [Sessions] are the prevailing parties." After offsetting the two awards, the court ordered FSFS to pay the Sessions $1,929.68, plus interest.

FSFS subsequently moved for a new trial or, alternatively, to alter or amend the judgment, arguing that the district court erred both on the property's valuation and its interpretation of section 57–1–32. The district court denied the motion and ordered FSFS to pay the Sessions an additional $800 in costs and reasonable attorney fees for the further proceedings.

■■■ The sole issue before this court is whether the district court erred, as a matter of law, when it declared that the Sessions were the prevailing party under section 57–1–32, despite the fact that FSFS was awarded a deficiency judgment. This issue turns on the correct interpretation of section 57–1–32. Such a determination is a question of law which we review for correctness. *State v. Larsen*, 865 P.2d 1355, 1357–58 (1993); *State v. James*, 819 P.2d 781, 796 (Utah 1991); *Ward v. Richfield City*, 798 P.2d 757, 759 (Utah 1990). Accordingly, we grant no particular deference to the district court's conclusions. *Schurtz v. BMW of N. Am., Inc.*, 814 P.2d 1108, 1111–12 (Utah 1991).

Our review of the record indicates that the district court approached FSFS' deficiency action as if it were a final offer arbitration proceeding. Under this approach, a party "prevails" by convincing the court that their figures are closer to reality than the other party's. In this case, FSFS' $2,285.32 deficiency judgment amounted to only 10% of its original demand of $16,875.12, plus interest, or 20% of its at-trial demand of $9,847.56, plus interest. Thus, the district court concluded that the Sessions had "prevailed" under section 57–1–32 and were entitled to costs and reasonable attorney fees.

On appeal, FSFS relies primarily on *Highland Construction Co. v. Stevenson*, 636 P.2d 1034 (Utah 1981), and *Brown v. Richards*, 840 P.2d 143 (Utah Ct.App.1992), *cert. denied*, 853 P.2d 897 (Utah 1993), to challenge the district court's rulings. FSFS argues that these cases properly construe the mean-

---

1. FSFS is actually the successor in interest to the Sessions' original creditor. The manner by which FSFS emerged as successor in interest is not relevant to this case. Thus, we treat FSFS as if it were party to the original agreement.

2. The provision states in pertinent part, "In any action brought under this section, the prevailing party shall be entitled to collect its costs and reasonable attorney fees incurred in bringing an action under this section." Utah Code Ann. § 57–1–32.

ing of "prevailing party" under Utah law. For example, *Brown* states, "It is the determination of culpability, not the amount of damages, that determines who is the prevailing party." 840 P.2d at 155. *Brown* also relied on *Highland,* 636 P.2d at 1038, which held that a party who obtains an affirmative judgment, regardless of the amount, is the prevailing party for purposes of a statute awarding attorney fees.

Conversely, the Sessions claim that *Brown, Occidental/Nebraska Federal Savings Bank v. Mehr,* 791 P.2d 217 (Utah Ct.App.1990), and other Utah case law support the district court's decisions. These cases, the Sessions argue, grant the district court a certain amount of discretion in determining the prevailing party for the purpose of awarding costs and reasonable attorney fees. Thus, despite the fact that FSFS received a deficiency judgment, the Sessions contend that the district court had the discretion, under the facts and circumstances of the case, to declare them the prevailing party.

■■■ We hold that the district court erred as a matter of law and that the parties' "prevailing party" arguments, while relevant, are not dispositive. The problem with the district court's approach, and to a certain extent the parties' arguments, is that they fail to read the prevailing party clause within the context of the entire statute. *See Clover v. Snowbird Ski Resort,* 808 P.2d 1037, 1045 (Utah 1991) (recognizing that a statute should not be construed in piecemeal fashion but as comprehensive whole). When faced with a question of statutory construction, this court first examines the plain language of the statute. *Larsen,* 865 P.2d at 1357–58; *Schurtz,* 814 P.2d at 1112; *Bonham v. Morgan,* 788 P.2d 497, 500 (Utah 1989) (per curiam). Only when we find ambiguity in the plain language of the statute need we seek guidance from the legislative history and relevant policy considerations. *Schurtz,* 814 P.2d at 1112; *Bonham,* 788 P.2d at 500. Section 57–1–32 provides:

> At any time within three months after any sale of property under a trust deed, as hereinabove provided, *an action may be commenced to recover the balance due upon the obligation for which the trust deed was given as security,* and in such action the complaint shall set forth the entire amount of the indebtedness which was secured by such trust deed, the amount for which such property was sold, and the fair market value thereof at the date of sale. Before rendering judgment, the court shall find the fair market value at the date of sale of the property sold. The court may not render judgment for more than the amount by which the amount of the indebtedness with interest, costs, and expenses of sale, including trustee's and attorney's fees, exceeds the fair market value of the property as of the date of the sale. *In any action brought under this section, the prevailing party shall be entitled to collect its costs and reasonable attorney fees incurred in bringing an action under this section.*

Utah Code Ann. § 57–1–32 (emphasis added).

Section 57–1–32 provides that "an action may be commenced to *recover the balance due* upon the obligation for which the trust deed was given as security." Utah Code Ann. § 57–1–32 (emphasis added). The statute then directs the court to ascertain the balance due by using a two-step process: (1) determine the remaining total indebtedness and the fair market value of the trust deed property; and (2) subtract the fair market value of the trust deed property from the total indebtedness. *See id.* The amount that remains, if any, is the balance due.

■■■ Thus, the plain language of section 57–1–32 reveals that its purpose is to enable note holders to recover the balance due, if any, on defaulted loans. The statute does not establish an arbitration-like proceeding, nor does it contemplate judicial discretion in determining which party has prevailed. The dispositive question for prevailing party purposes, therefore, *is whether any balance is due,* not whether the amount of the balance due is closer to the plaintiff's or the defendant's figures. *See Highland Constr. Co.,* 636 P.2d at 1038 ("[A] party in whose favor an affirmative judgment is rendered, whether or not the judgment is for less than initially sought in the complaint, is a 'prevailing party' within the meaning of a statute award-

ing attorney's fees to the prevailing party...."); *Brown,* 840 P.2d at 155 ("[W]hile [counterclaimant] may not have prevailed to the full extent he felt entitled, he nevertheless prevailed. It is the determination of culpability, not the amount of damages, that determines who is the prevailing party.").

■ Viewed in such straightforward terms, determining the prevailing party under section 57–1–32 is a simple matter. If a party seeking a deficiency judgment can convince the court that the debt exceeds the fair market value of the property, then that party is entitled to a deficiency judgment and prevails under section 57–1–32. However, if the party defending such an action successfully maintains that the fair market value of the property equals or exceeds the total indebtedness, then that party prevails for section 57–1–32 purposes.[3] *See Mountain States Broadcasting Co. v. Neale,* 783 P.2d 551, 555 (Utah Ct.App.1989) ("Typically, determining the 'prevailing party' for purposes of awarding fees and costs is quite simple. Plaintiff sues defendant for money damages; if plaintiff is awarded a judgment, plaintiff has prevailed, and if defendant successfully defends and avoids an adverse judgment, defendant has prevailed.").

Under this analysis, the instant case is easily resolved. The parties stipulated that the Sessions owed FSFS the sum of $43,-347.66, and the district court so found. At trial, FSFS asserted that the fair market value of the property sold was $33,500; the Sessions claimed that the property was worth $47,000. The district court determined its value to be $41,500, leaving a $2,285.32 deficiency judgment, including interest, in favor of FSFS. Therefore, despite receiving less than it sought, FSFS prevailed under section 57–1–32 and is entitled to its costs and reasonable attorney fees.[4]

Based on the foregoing analysis, we reverse both district court orders insofar as they grant the Sessions prevailing party status under section 57–1–32. We remand with instructions that the district court determine the costs and reasonable attorney fees incurred by FSFS in the original district court proceeding, in the motion for a new trial or to alter or amend judgment, and in the appeal to this court and enter a judgment accordingly.[5]

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and RUSSON, JJ., concur.

---

3. Under this approach, we acknowledge that a deficiency judgment of even one dollar will entitle the party seeking the judgment to costs and reasonable attorney fees. We note, however, that we are not alone in adopting such a position. *See, e.g., Three–Seventy Leasing Corp. v. Ampex Corp.,* 528 F.2d 993, 998 (5th Cir.1976) (nominal damages award entitled plaintiff to costs as prevailing party under rule 54(d) of Federal Rules of Civil Procedure); *Western Elec. Co. v. William Sales Co.,* 236 F.Supp. 73, 77–78 (M.D.N.C.1964) (nominal damages award of one dollar entitled plaintiff to costs as prevailing party under rule 54(d) of Federal Rules of Civil Procedure).

Moreover, section 57–1–32 grants costs and *reasonable* attorney fees to the prevailing party. If a party seeking a deficiency judgment spends an exorbitant amount in attorney fees to gain a nominal judgment, the district court might find those fees unreasonable. The court might even refuse to award fees if it finds the claim frivolous and, of course, rule 11 sanctions may be available. *See* Utah R.Civ.P. 11.

4. Conversely, if the district court had determined the fair market value of the property to be $43,-347.66 or greater, the Sessions would have prevailed and been entitled to costs and reasonable attorney fees.

5. We realize that awarding FSFS costs and reasonable attorney fees for its motion for a new trial or to alter or amend judgment and the appeal to this court might seem unduly severe, given that the Sessions were merely defending an advantageous, albeit erroneous, conclusion of law by the district court. We note, however, that the Sessions could have cut off their costs and reasonable attorney fees liability by timely filing an offer of judgment under rule 68 of the Utah Rules of Civil Procedure. *See* Utah R.Civ.P. 68; *Brunswick Realty Co. v. University Inv. Co.,* 134 P. 608, 612–13 (Utah 1913) (plea of tender made pursuant to statute cut off offeror's liability for both costs and attorney fees).