2000 ND 45

Kent **BRAUNBERGER, Individually, and as Next Friend for Adam Braunberger, a Minor; and Carol Braunberger, Plaintiffs and Appellants,**

v.

**INTERSTATE ENGINEERING, INC., a North Dakota Corporation; the State of North Dakota; the City of Jamestown, a North Dakota Political Subdivision; and Justin C. Wilson, Defendants and Appellees.**

No. 990160.

Supreme Court of North Dakota.

March 21, 2000.

Opinion Modified and Rehearing Denied May 11, 2000.

Keith L. Miller of Miller, Norman & Associates, Moorhead, Minn., for plaintiffs and appellants.

Paul R. Oppegard of Smith Bakke Hovland & Oppegard, Moorhead, Minn., for defendants and appellees.

NEUMANN, Justice.

[¶ 1] Kent Braunberger, individually, and as next friend for Adam Braunberger, and Carol Braunberger ("the Braunbergers") appeal from the trial court's judgment allocating fault and assessing costs and disbursements. We affirm in part, reverse in part, and remand.

[¶ 2] On August 9, 1995, the Braunbergers were driving north on U.S. Highway 52/281. At the same time, a semi-trailer driven by Mike Klose was traveling south on Highway 52/281, followed by four vehicles. An Interstate Engineering employee, Justin Wilson, was driving the fourth vehicle. Four law enforcement vehicles and six officers were stopped adjacent to Highway 52/281's southbound lane, investigating an unrelated alleged felony theft.

[¶ 3] As Klose, driving south, approached the law enforcement stop, he drove his semi-trailer into the northbound lane to give the vehicles and officers a wide berth. Wilson, and the other vehicles following the semi-trailer, also drove into the northbound lane. Klose and three of the vehicles following him were able to pull back into the southbound lane. Wilson collided virtually head on with the Braunberger vehicle. Klose was the only eyewitness, observing the collision in his rear view mirror. Klose testified the driver of the Braunberger vehicle never applied brakes or took evasive action. None of the Braunbergers or Wilson has any memory of the collision. As a result of the collision, Adam Braunberger sustained contusions and abrasions; Carol Braunberger sustained contusions and a significant "road rash" on her right arm requiring skin grafting; Kent Braunberger sustained a closed head injury and multiple leg and ankle fractures requiring multiple days of hospitalization, weeks of physical therapy, and surgeries; and Justin Wilson suffered a brain injury and multiple fractures.

[¶ 4] On December 18, 1996, Kent Braunberger, individually, and as a next friend for Adam Braunberger, and Carol Braunberger sued Interstate Engineering, the State of North Dakota, and the City of Jamestown. Wilson then sued Kent Braunberger and the City of Jamestown. On August 12, 1997, the State of North Dakota was dismissed from the Braunbergers' action. The trial court consolidated the cases, granting the Braunbergers leave to add Wilson as a defendant. On May 19, 1998, Interstate Engineering made Rule 68 Offers of Judgment of $75,000 for Carol Braunberger and $325,000 for Kent Braunberger. The offers expired under the Rule on May 29, 1998. Before trial, Carol Braunberger and Kent Braunberger settled their claims against the City for $100,000. On October 15, 1998, all of Adam Braunberger's claims were settled without trial.

[¶ 5] The remaining claims, Carol Braunberger and Kent Braunberger's claims against Interstate Engineering and Wilson, and Wilson's claims against Kent Braunberger and the City, were scheduled for a jury trial. Following jury selection, Wilson settled his claims against the City. On September 10, 1998, the only remaining claims, Carol Braunberger and Kent Braunberger against Interstate Engineering and Wilson, and Wilson against Kent Braunberger, were decided. The jury awarded Kent Braunberger damages of $625,604.05, Carol Braunberger damages of $67,481.44, and Wilson damages of $281,001.99. The jury allocated 20 percent fault to Interstate Engineering and Wilson, 20 percent fault to Kent Braunberger, and 60 percent fault to the City of Jamestown or others.

[¶ 6] After trial, the Braunbergers moved for a new trial under Rule 59(b)(6), N.D.R.Civ.P., and submitted a proposed order for judgment and judgment. On October 5, 1998, the trial court entered the proposed judgment awarding Kent Braunberger $125,120.81 and Carol Braunberger $13,496.28. The Braunbergers were also awarded $13,911.58 in costs and disbursements. In a separate judgment, Wilson was awarded $56,200 in damages and $6,518.15 in costs and disbursements. On January 13, 1999, the trial court denied the Braunbergers' motion for a new trial and vacated the Braunbergers' judgment because it failed to consider no-fault benefits paid or payable to the Braunbergers and the effect of the Rule 68 offers. The trial court denied costs and disbursements to the Braunbergers, and awarded Interstate Engineering and Wilson their costs and disbursements. On March 30, 1999, the trial court entered an amended judgment awarding the Braunbergers $112,845.75 in damages and Interstate Engineering and Wilson $10,139.21 in costs and disbursements. The Braunbergers appeal. Wilson has not appealed his separate judgment. Interstate Engineering and Wilson deposited $112,845.75 in an interest-bearing account pending the appeal.

I

[¶ 7] The Braunbergers argue the trial court abused its discretion by denying their motion for a new trial because the jury verdict was unsupported by sufficient evidence and was contrary to law. The Braunbergers moved for a new trial under Rule 59(b)(6), N.D.R.Civ.P. Rule 59(b)(6) permits a new trial when a jury verdict is unsupported by sufficient evidence or contrary to law. A motion under Rule 59(b)(6) is addressed to the sound discretion of the trial court. *Symington v. Mayo*, 1999 ND 48, ¶ 16, 590 N.W.2d 450. A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Peterson v. Ramsey County*, 1997 ND 92, ¶ 18, 563 N.W.2d 103. An abuse of discretion is never assumed; the burden is on the party seeking relief to affirmatively establish it. *Peterson*, at ¶ 18. The standard for reviewing an order denying a motion for new trial is, after viewing the evidence in the light most favorable to the verdict, whether there is sufficient evidence to justify the verdict. *Barta v. Hinds*, 1998 ND 104, ¶ 5, 578 N.W.2d 553.

[¶ 8] The trial court, after weighing all the evidence and judging the witnesses' credibility, held the jury's fault apportionment was not manifestly against the weight of the evidence, and denied the motion for a new trial. *See Steckler v. Massey–Ferguson, Inc.*, 334 N.W.2d 659, 662 (N.D.1983). While the Braunbergers contend the jury improperly considered the severity of Wilson's injuries and their settlements with the City, there was sufficient evidence supporting the jury's fault allocations. Three of the six law enforcement officers gathered on the shoulder of U.S. Highway 52/281 were City police. The jury heard extensive evidence showing the law enforcement officers caused an unreasonable and dangerous distraction. Witnesses also testified Wilson may have been reasonable when entering the northbound lane, and neither Kent Braunberger nor Wilson applied brakes or took any evasive action. The Braunbergers pre-

sented contrary evidence, but the jury found Wilson was not solely at fault. The jury's evaluation of the evidence and its judgment of the witnesses' credibility should be given proper deference. *Diversified Financial Systems, Inc. v. Binstock,* 1998 ND 61, ¶ 10, 575 N.W.2d 677. After viewing the evidence in the light most favorable to the verdict, we believe the trial court did not act in an arbitrary, unreasonable, or unconscionable manner, and there was sufficient evidence to support the verdict. *See Barta,* at ¶ 5. The trial court did not abuse its discretion by denying the motion for a new trial.

## II

[¶ 9] The Braunbergers argue the trial court erred in denying them costs and disbursements. First, the Braunbergers contend they should be allowed costs and disbursements under the October 5, 1998, judgment because neither Interstate Engineering nor Wilson objected to the costs and disbursements statement within seven days of the judgment's entry. N.D.R.Civ.P. 54(e)(1). We disagree because the trial court vacated the October 5, 1998, judgment. *See* N.D.R.Civ.P. 60.

[¶ 10] We review the granting of a motion to vacate under Rule 60, N.D.R.Civ.P., for abuse of discretion by the district court. *Peterson v. Peterson,* 555 N.W.2d 359, 361 (N.D.1996). Here, the October 5, 1998, judgment failed to consider the no-fault benefit payments paid or payable to the Braunbergers and the Rule 68 offers. These considerations are required to correctly calculate damages, and costs and disbursements awards. *See Reisenauer v. Schaefer,* 515 N.W.2d 152, 156 (N.D.1994) (providing no-fault benefits must be excluded from the damages award to prevent double recovery); *Vogel v. Pardon,* 444 N.W.2d 348, 352 (N.D.1989) (providing Rule 68 offers influence costs and disbursements awards). The trial court did not abuse its discretion, and the Braunbergers cannot therefore be awarded costs and disbursements under a vacated judgment.

[¶ 11] Second, the Braunbergers contend they should be allowed costs and disbursements for the period before the Rule 68 offers were made because they are prevailing parties. We agree.

[¶ 12] The trial court determined "[e]ven though we do not have a prevailing party in this case, the Court still may use [N.D.C.C. § 28–26–06] to determine what costs are 'necessary' and payable by the Plaintiffs due to the Rule 68 N.D.R.Civ.P. offer." On May 19, 1998, Interstate Engineering made written settlement offers under Rule 68, N.D.R.Civ.P. That rule provides, "[i]f the Judgment is not more favorable than the offer, the offeree must pay the costs incurred after making the offer." N.D.R.Civ.P. 68(a). Here, the judgments were less than the offers. The Braunbergers concede the trial court properly awarded Interstate Engineering and Wilson costs after the Rule 68 offer date.

[¶ 13] However, the Braunbergers are entitled to costs and disbursements incurred prior to the Rule 68 offer date. The trial court incorrectly determined there was no prevailing party. The determination of who is a prevailing party is a question of law. *See Lemer v. Campbell,* 1999 ND 223, ¶¶ 6, 11, 602 N.W.2d 686;; *Huber v. Oliver County,* 1999 ND 220, ¶¶ 22, 25, 602 N.W.2d 710; *Vogel,* at 352-53; *Andrews v. O'Hearn,* 387 N.W.2d 716, 732-33 (N.D. 1986). We, therefore, conduct a de novo review. *Buchholz v. Buchholz,* 1999 ND 36, ¶ 11, 590 N.W.2d 215. Here, the Braunbergers were prevailing parties and would have been entitled to costs and disbursements incurred throughout the course of the action, but for the Rule 68 offer. *See Lemer v. Campbell,* 1999 ND 223, 602 N.W.2d 686.

[¶ 14] In *Lemer,* we explained our definition of a prevailing party and its relation to costs and disbursements. *Id.* at ¶¶ 5–7, 9.

Under N.D.R.Civ.P. 54(e), costs and disbursements must be allowed as provided by statute. Section 28–26–02, N.D.C.C., provides for the recovery of certain costs. Section 28–26–06, N.D.C.C., provides "the clerk shall tax as a part of the judgment in favor of the prevailing party his necessary disburse-

ments" for legal fees for publication, witnesses, referees, and other officers, for transcripts, for necessary expenses of taking depositions and procuring evidence, for the reasonable fees of expert witnesses, and for the actual expenses of expert witnesses.

A trial court's decision on fees and costs under N.D.C.C. § 28–26–06 will not be overturned on appeal unless an abuse of discretion is shown. *Patterson v. Hutchens,* 529 N.W.2d 561, 567 (N.D. 1995). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Lacher v. Anderson,* 526 N.W.2d 108, 112 (N.D. 1994).

"Costs ordinarily are assessed in favor of winners and against losers." *State ex rel. Holloway v. First Am. Bank & Trust Co.,* 248 N.W.2d 859, 862 (N.D. 1977). If opposing litigants each prevail on some issues, there may not be a single prevailing party against whom disbursements may be taxed. *Earthworks, Inc. v. Sehn,* 553 N.W.2d 490, 496 (N.D.1996); *Liebelt v. Saby,* 279 N.W.2d 881, 888 (N.D.1979).

> "In order to be considered a prevailing party in a tort action, a party must prevail at least on the issues of negligence and proximate cause. To hold otherwise would subject persons without the potential of legal liability for an alleged wrong to mandatory costs against them. Such an interpretation does not conform with the traditional meaning of 'prevailing party.'"

*Andrews v. O'Hearn,* 387 N.W.2d 716, 732 (N.D.1986).

\* \* \* \*

"Generally, the prevailing party to a suit, for the purpose of determining who is entitled to costs, is the one who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue, in other words, the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered."

20 Am.Jur.2d *Costs* § 12 (1995). "[A] prevailing party plaintiff may recover costs upon a money verdict which is rendered in his favor, even though the ultimate judgment is zero after deductions for settlements." *Id.* "The determination of who is the prevailing or successful party is based upon success upon the merits, not upon damages, and a party may be the prevailing party although he recovers no award of damages." 20 C.J.S. *Costs* § 11 (1990). *Id.* at ¶¶ 5–7, 9.

[¶ 15] The Braunbergers prevailed on the main issue and succeeded on the merits, proving Interstate Engineering and Wilson were negligent and a proximate cause of their injuries. Although the Braunbergers are not entitled to costs and disbursements for the entire course of the action because of Rule 68, N.D.R.Civ.P., they were prevailing parties. The Braunbergers, as prevailing parties, are entitled to costs and disbursements for the period before the Rule 68 settlement offer, but must pay Interstate Engineering's and their own costs after that date. *Crawford v. Amadio,* 932 P.2d 1288, 1295 (Wyo.1997) (holding under similar Rule 68 language that prevailing offerees are entitled to pre-Rule 68 offer date costs, but must pay both parties post-Rule 68 offer date costs); *Dunleavy v. Miller,* 116 N.M. 353, 862 P.2d 1212, 1220 (1993) (holding under similar Rule 68 language that prevailing offerees are entitled to pre-Rule 68 offer date costs, but must pay both parties' post-Rule 68 offer date costs); *Purdy v. Brown,* 307 N.C. 93, 296 S.E.2d 459, 463 (1982) (holding under similar Rule 68 language that prevailing offerees are entitled to pre-Rule 68 offer date costs, but must pay both parties' post-Rule 68 offer date costs). *Cf. Palace Station Hotel & Casino v. Jones,* 978 P.2d 323, 325–26 (Nev.1999) (holding, based on different Rule 68 language, prevailing offerees' are precluded from recovering any statutory costs or attorney fees); *Borchert v. Maloney,* 581 N.W.2d 838, 840 (Minn.1998) (holding, based on different Rule 68 language, prevailing offerees are

entitled to payment of all their costs and disbursements, but must pay offeror's post-Rule 68 offer date costs); *Drozda v. McComas*, 181 Ariz. 82, 887 P.2d 612, 615 (App.1994) (holding, based on different Rule 68 language, prevailing offerees are entitled to payment of all their costs and disbursements, but must pay double the offeror's post-Rule 68 offer date costs). *See also Vogel v. Pardon*, 444 N.W.2d 348, 352 n. 4 (N.D.1989).

### III

[¶ 16] The Braunbergers also argue the trial court abused its discretion by awarding Interstate Engineering and Wilson costs and disbursements for an inadmissable computer animation, and attorney hotel and meal expenses. A trial court's decision on fees and costs will not be overturned on appeal unless an abuse of discretion is shown. *Lemer*, at ¶ 6. A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.* at ¶ 6.

[¶ 17] First, the Braunbergers contend the computer animation award was an abuse of discretion because it was ruled inadmissible. We disagree.

[¶ 18] Section 28–26–06(2), N.D.C.C., allows costs for "procuring evidence necessarily used *or obtained for use* on the trial." (Emphasis added.) Recovery of expenses is not limited to evidence actually introduced at trial. *Lacher v. Anderson*, 526 N.W.2d 108, 112 (N.D. 1994). This Court addressed a comparable issue in *United Development Corp. v. State Highway Dept.*:

> Thus, the question of whether the expenses of preparing such maps are taxable would depend entirely upon whether such maps are "evidence necessarily used or obtained for use on the trial." If they are merely convenient or useful for purposes of argument, the cost of procuring them would not be taxable by the prevailing party. But if such maps are evidence necessarily used to prove some fact in the case, or evidence obtained for use on the trial, the cost

would be taxable. Since the maps were not a part of the record in this case, we are unable to determine whether they were, in fact, evidence.

> The trial court, in the exercise of its discretion, allowed such expense as a disbursement taxed in favor of the prevailing party. If the maps were evidence necessarily used or obtained for use on the trial, the action of the trial court was proper.

*United Development Corp. v. State Highway Dept.*, 133 N.W.2d 439, 445 (N.D. 1965), *superseded by statute on other grounds* .

[¶ 19] Here, the trial court allowed the "cost as the preparation of the animation was a necessary pretrial preparation." The Braunbergers have not argued the animation was not necessarily obtained for use on the trial, only that it was ruled inadmissible. The cost award for the computer animation was not made in an arbitrary, unreasonable, or unconscionable manner and, therefore, was not an abuse of discretion. *See Lemer*, at ¶ 6.

[¶ 20] Second, the Braunbergers contend awarding the attorney's meal and hotel expenses as costs was an abuse of discretion. Notably, the trial court denied Interstate Engineering and Wilson's recovery of attorney traveling fees. The trial court properly recognized that, generally, attorney fees and expenses are not allowable to the successful litigant in the absence of a statute providing for such award. *Westchem v. Agricultural Chemicals, Inc. v. Engel*, 300 N.W.2d 856, 859 (N.D. 1980). A prevailing party attorney's expenses incurred during trips to court cannot be taxed as costs. *Tabor State Bank v. Jacobs, et al.*, 53 S.D. 635, 222 N.W. 141, 142 (1928). Attorney travel and meal expenses are normally reimbursed by the client and not assessed as disbursements. *Estate of Reisen*, 313 N.J.Super. 623, 713 A.2d 576, 583 (1998); *High Plains Genetics Research, Inc. v. J K Mill–Iron Ranch*, 535 N.W.2d 839, 846 (S.D.1995); *Bosch Die Casting Co., Inc. v. Lunt Manufacturing Co., Inc.*, 236 Ill.App.3d 18, 177

Ill.Dec. 476, 603 N.E.2d 546, 556 (1992). *Cf. Indiana Hospital Licensing Council v. Women's Pavilion of South Bend,* 486 N.E.2d 1070, 1076–77 (Ind.Ct.App.1985) (awarding meal and lodging cost as authorized under 42 U.S.C. § 1988); *Council Enterprises, Inc. v. City of Atlantic City,* 200 N.J.Super. 431, 491 A.2d 789, 794–5 (1984) (awarding meal and lodging costs as authorized under 42 U.S.C. § 1988). We reverse the attorney meal and hotel expense award. We remand for a cost determination in accordance with this opinion.

## IV

[¶ 21] The trial court's judgment is affirmed in part, reversed in part, and remanded.

[¶ 22] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.

## ON PETITION FOR REHEARING

NEUMANN, Justice, on petition for rehearing.

Filed May 11, 2000.

[¶ 23] The Braunbergers filed a petition for rehearing, arguing a prevailing party determination reviewed applying an abuse of descretion standard.

[¶ 24] Our previous opinions may not have explicitly stated a prevailing party determination under N.D.C.C. § 28-26-06 is a question of law. *See Lemer v. Campbell,* 1999 ND 223, ¶¶ 6, 11, 602 N.W.2d 686; *Huber v. Oliver County,* 1999 ND 220, ¶¶ 22, 25, 602 N.W.2d 710; *Vogel v. Pardon,* 444 N.W.2d 348, 352-53 (N.D. 1989); *Andrews v. O'Hearn,* 387 N.W.2d 716, 732-33 (N.D. 1986).. However, a close reading of these opinions will show this Court has distinguished between the legal question of whether a party is a prevailing party entitled to necessary disbursements, and the factual question of whether the awarded costs and their amounts were proper. *Id.* Accord, *Warner v. Independent School Dist. No. 625,* 134 F.3d 1333, 1336 (8th Cir. 1998); *Driver Music Co., Inc. v. Commercial Union Ins. Co.,* 94 F.3d 1428, 1432 (10th Cir. 1996); *Turnbow v. K.E. Enterprises, Inc.,* 155 Or.App. 59, 962 P.2d 764, 769 (1998); *Klinke v. Mitsubishi Motors Corp., et al.,* 219 Mich.App. 500, 556 N.W.2d 528, 539 (1996); *First Southwestern Financial Services v. Sessions,* 875 P.2d 553, 554 (Utah 1994). *Cf. Chenery v. Agri-Lines Corp.,* 106 Idaho 687, 682 P.2d 640, 645-46 (Ct. App. 1984) (examining the determination as a factual question under Idaho Rule of Civil Prodedure 54(d)(1)(B)). Determination of a prevailing party under N.D.C.C. § 28-26-06 is a question of law.

[¶ 25] The petition for rehearing is denied.

[¶ 26] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.